MID-CONTINENT PETROLEUM CORPORATION, Plaintiff, *v.* UNIVERSAL OIL PRODUCTS COMPANY, a DELAWARE CORPORATION, Defendant.

Supreme Court, Special Term, New York County, October 4, 1950.

*Timothy N. Pfeiffer, Adam M. Byrd* and *Rebecca M. Cutler* for defendant.

*Joseph M. Proskauer, J. Alvin Van Bergh, R. H. Wills, J. P. Greve* and *Sidney J. Silberman* for plaintiff.

PECORA, J. Defendant moves to vacate service of summons and complaint on the ground that it is not doing business in this State and hence is not subject to the jurisdiction of its courts. Service of the summons and complaint herein was made in two ways: (1) by delivery of a copy to the Secretary of State; and (2) by serving a copy on a director of the defendant corporation

in New York City. There is no adequate showing in the papers that defendant was doing business in this State, at the time service was made. However, defendant was doing business here at the time the agreement, forming the basis of plaintiff's action was executed in New York, and when payments were made under it. The question here is whether the subsequent withdrawal of defendant from this State prevents the assumption of jurisdiction in this action.

I am convinced that the purported service by delivery to the Secretary of State was invalid because it did not meet the requirements of subdivision 2 of section 229 of the Civil Practice Act, since that section authorizes service upon the Secretary of State only where a designation of an agent to receive process has been filed. Although defendant did business in this State in violation of section 210 of the General Corporation Law, in that it failed to obtain from the Secretary of State a certificate of authority, and although, had it filed such a certificate, such filing would have been irrevocable as to any cause of action arising in the State while it was doing business here (General Corporation Law, § 216), this court is dealing with a statutory method of making service and must find compliance with such method to obtain jurisdiction. Under subdivision 2 of section 229 of the Civil Practice Act, service must be made upon a '' person or public officer designated for the purpose pursuant to law by certificate filed '' in the appropriate department ''whose designation is in force,'' or if there has been a designee other than a public officer who is no longer available, then upon the Secretary of State. Since there is not and has never been a designee in the case of this defendant, the provision has not been complied with.

In those cases where estoppel has been used to sustain service of this type, the applicable statutes have been different from the New York enactments. This court will not discuss all of the cases cited by plaintiff to sustain jurisdiction upon this ground. However, as pointed out by defendant, those cases dealt with statutes which either expressly provided that the mere doing of business should be effective as an appointment of a public officer (*Knott Corp.* v. *Furman*, 163 F. 2d 199 [C. A. 4th]; *Clay* v. *Kent Oil Co.*, 72 S. D. 629; *Darling Stores Corp.* v. *Young Realty Co.*, 121 F. 2d 112 [C. A. 8th] certiorari denied 314 U. S. 658); or they involved statutes which were susceptible of an interpretation that they contemplated such service (*Flinn* v. *Western Mut. Life Assn.*, 187 Iowa 507; *Ehrman* v. *Teutonia*

*Ins. Co.,* 1 F. 471 [U. S. Dist. Ct., E. D. Ark.]; *Yoder* v. *Nu-Enamel Corp.,* 140 Neb. 585). These differences are discussed in *Babcock* v. *Bancamerica-Blair Corp.* (212 Minn. 428). Our statutes, in view of subdivision 2 of section 229 of the Civil Practice Act, cannot be construed as providing that the mere doing of business shall be effective as a designation, or that the doing of business implies a necessary consent to service upon the Secretary of State. Service can be made upon the Secretary of State in New York only where there has been an actual designation or in those cases where other statutes make specific provision therefor.

However, this court holds that service upon defendant's director was sufficient to sustain jurisdiction here. Subdivision 3 of section 229 of the Civil Practice Act provides that where service cannot be made pursuant to subdivision 2 of section 229 of the Civil Practice Act, or upon an officer of the corporation specified in subdivision 1, then service may be made upon the cashier, a director or a managing agent of the corporation. Service was made here, within the State, upon a director. Defendant urges that to support jurisdiction under subdivision 3 of section 229 of the Civil Practice Act the corporation must be doing business in New York at the time of service of the summons. (*Taylor* v. *American Smelting & Refining Co.,* 215 App. Div. 657; *Compania Mexicana* v. *Compania Metropolitana,* 250 N. Y. 203; *J. C. F. Holding Corp.* v. *General Gas & Elec. Corp.,* 46 N. Y. S. 2d 605, 614, affd. 267 App. Div. 863, motion for leave to appeal denied 292 N. Y. 724.) In *Gaboury* v. *Central Vermont Ry. Co.* (250 N. Y. 233) Chief Judge CARDOZO discussed the general rule for which defendant contends but pointed out a significant exception. Chief Judge CARDOZO there said: "There may be exceptions even to this if the cause of action is so related to business previously done as to make it unjust or unreasonable to counteract the earlier submission by non-user or withdrawal". The instant case falls within the ambit of the exceptions envisioned in the *Gaboury* case (*supra*). Plaintiff's cause of action arose in this State out of business transacted here. In conducting business in New York at the time the contract was made, and the alleged fraud was perpetrated, defendant subjected itself to the jurisdiction of our courts. It should not be permitted to deprive the State of jurisdiction by withdrawing from the State. It was so held in *Guggenheimer* v. *Beaver Board Companies* (136 Misc. 511, affd. 229 App. Div. 717) and *Griffin & Vose* v. *Non-Metallic Minerals*

*Corp.* (50 Pa. D. & C. 516). (See, also, Restatement, Conflict of Laws, § 93.) Consequently, upon the basis of the fact that defendant was doing business in this State when the contract was made and the cause of action arose, this court holds that the withdrawal of defendant from the State thereafter did not prevent acquisition of jurisdiction by service upon a director of the corporation in New York even if defendant was not, at the time of service, doing business here. The motion to vacate is accordingly denied. Settle order.