## VAN HOOK v. UNITED STATES.

### No. 50 C 1559.

United States District Court
N. D. Illinois, E. D.

Aug. 23, 1951.

Hubert Van Hook, pro se.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff brings this action under 28 U.S.C.A. § 1346(a) (1) for the recovery of 1946 income taxes, which taxes he alleges were illegally assessed and collected in the sum of $3,410.34 with interest at the rate of 6% per annum from March 15, 1947.

The complaint alleges that plaintiff is an attorney; that, in 1941, one Thomas McConnell, also an attorney, began work in an anti-trust action that subsequently ripened into a lawsuit known as Bigelow v. RKO Picture, 7 Cir., 170 F.2d 783; that in July, 1943 he moved into a suite of offices occupied by plaintiff and three other attorneys; that in February, 1945, at McConnell's request, plaintiff collaborated in the preparation of the suit; that in February, 1946 work on the suit was completed, and plaintiff received $20,000 as his share of the fee. In computing his tax liability for the year 1946, plaintiff allocated such fee over a period of 53 months, beginning with September, 1941, pursuant to Section 107 (a) of the Internal Revenue Code, 26 U.S.C.A. § 107(a), which provides:

"(a) Personal services. If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."

Defendant denies that plaintiff is entitled to the benefits of Section 107(a) and plaintiff now moves for summary judgment, principally on the authority of Commissioner of Internal Revenue v. Marshall, 3 Cir., 1950, 185 F.2d 674, affirming Elder W. Marshall, 14 T.C. 90. There, the taxpayer was employed in 1938 by a law firm which had existed prior to 1932. He was admitted to membership in the firm on January 1, 1941 and became entitled to share in fees thereafter. In 1942 the firm received fees for services rendered from January 1, 1935 to December 31, 1941. In 1943, the firm received fees for services rendered from January 1, 1935 to June 30, 1943. In 1945, the firm received fees again for long-term services. The taxpayer reported under Section 107 as if the fees had been received ratably over the period during which the services had been rendered. His position was upheld both in the Tax Court and in the Court of Appeals for the Third Circuit. It was the opinion of those

courts that, contrary to the effect produced by the original section which placed the emphasis on the person rendering the services, the section, as amended, now places the emphasis on the person who is required to report the income. In other words, the net import of the decision is that the person seeking the advantages of Section 107 (a) need not have rendered all the services over the entire accrual period, nor need he be a member of the firm for the entire period.

Defendant contends that, even under the Marshall case, plaintiff must show that a partnership existed. To further distinguish the Marshall case, it is pointed out that there the taxpayer, upon admission to the firm, became entitled to share fees received thereafter, even for services rendered by the firm prior to his admission; that, further, in the Marshall case the amount received by the taxpayer was his partnership share, whereas here the amount received was not a partnership share but was only compensation for the services rendered over a 13 month period.

██ In reply to defendant's contention that plaintiff need show that there was a partnership, plaintiff cites Section 3797(a) (2) of the Internal Revenue Code, 26 U.S. C.A. § 3797(a) (2), which provides: "The term 'partnership' includes a * * * joint venture * * * by means of which any business, financial operation, or venture is carried on * * *." In view of such a provision, I believe plaintiff is correct in asserting that a joint venture is sufficient to invoke the application of Section 107(a). In Rupple v. Kuhl, 7 Cir., 1949, 177 F.2d 823, 826, the Court of Appeals for this circuit said:

"As the District Court aptly stated, 'The statutes accord a joint venture the same tax treatment as a partnership'. That each venturer is entitled to recognition for tax purposes was established by Tompkins v. Commissioner, 4 Cir., 97 F.2d 396. Decisions of the Tax Court are in accord with the decisions of the lower court to the effect that the income from a partnership interest which is owned by parties to a joint venture is taxable proportionally to the members of the joint venture. * * *"

██ However, the mere fact that the two attorneys collaborated together on a particular case does not necessarily make them joint adventurers in the legal sense of the term. The general rule appears to be that, in order for a joint venture to exist there must be an agreement to enter into an undertaking in the objects or purposes of which the parties to the agreement have a community of interest and a common purpose in its performance, and each of the parties must have an equal voice in the manner of its performance and an equal right of control over the agencies used in its performance, and, although one or more of the parties may entrust performance to others, his rights in the ultimate result and liabilities for negligent or wrongful performance remain the same. As particularly applied to associations of attorneys, the rule is well stated in Chapman v. Dwyer, 1930, 2 Cir., 40 F.2d 468, 471:

"In this case the business might have been carried out as a joint venture if the parties had had an agreement sufficient to make it so. The burden of proving such an understanding, express or implied, was on the plaintiff. The gist of such an agreement to be proved was that the plaintiff should have an interest in the fee, as such, considered as the res rather than the right to be paid his fair compensation to be determined, either on the basis of what he did or what success attended the efforts of both. * * *"

In other words, therefore, there still remains a genuine issue of fact to be determined upon trial of the cause, i. e., whether or not an actual joint venture existed between plaintiff and Thomas McConnell.

For the foregoing reasons, plaintiff's motion for summary judgment is hereby denied.