## ALLEGUE v. GULF & SOUTH AMERICAN S. S. CO., Inc.

United States District Court
S. D. New York.
Feb. 19, 1952.

Benjamin B: Sterling, New York City, Betty H. Olchin, New York City, of counsel, for plaintiff.

Tompkins, Boal & Tompkins, New York City, for defendant.

WEINFELD, District Judge.

Defendant Gulf & South American Steamship Co. Inc., a Louisiana corporation, moves to vacate service of the summons and for dismissal of the action on the ground that it is not doing business in the State of New York and that the person served with process is not its managing agent. The summons was served in New York City on the treasurer of Lykes Brothers Co., Inc.

The defendant's vessels do not visit this port [1] and the acts complained of did not occur in New York. It operates vessels in foreign trade of the United States out of ports in the Gulf of Mexico.

Lykes Brothers Co., Inc. is authorized by the defendant to solicit cargo and passenger business on vessels of the defendant for South-bound voyages out of United States Gulf Ports to foreign ports. The prospective business is forwarded to the defendant at New Orleans for acceptance or rejection. Lykes Brothers has no authority to enter into contracts, sell tickets

---

1. Frequency and regularity of visits by ships are factors to be considered in determining corporate "presence." Szabo v. Smedvig Tankrederi A. S., D.C., 95 F.Supp. 519, and cases cited therein.

or issue bills of lading for the defendant.

Although at one time it was "settled law" that "mere solicitation" of business did not constitute doing business so as to subject a foreign corporation to process in a local jurisdiction,[2] the rule was questioned and limited by various Courts.[3] Solicitation plus some additional activities were held sufficient to render it amenable to suit.[4]

In International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the Supreme Court, after reviewing leading cases, held that the standard to be applied in determining whether the activities within the state on behalf of a foreign corporation constitute doing business so as to render it amenable to process, was the systematic and regular nature of the activities as distinguished from sporadic, casual or irregular.[5] Since that ruling, some Courts have held that "mere solicitation" is enough, assuming that it is regular and continuous.[6]

▇▇▇ Under the facts of this case, there is a sufficient showing of a systematic, regular and continuous course of business activity on behalf of the defendant. Even assuming, arguendo, that mere solicitation were not enough, the additional activities support a finding of "presence." It is listed in the New York City telephone directory and the building directory at 17 Battery Place, New York City, where it shares offices with Lykes Brothers Co., Inc., and at which premises it is represented by a traffic manager.

▇▇▇ The issue remains whether Lykes Brothers is a managing agent of the defendant. Rule 4(d) (7) of the Federal

2. People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 235, 62 L.Ed. 587; Green v. C. B. & Q. R. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916.

3. Hutchinson v. Chase & Gilbert, Inc., 2 Cir., 45 F.2d 139, 141; see also Frene v. Louisville Cement Co., 77 U.S.App. D.C. 129, 134 F.2d 511, 516; Snyder v. J. G. White Eng. Co., D.C., 60 F.Supp. 789, 791.

4. See cases in footnote No. 3.

5. Recently the Court of Appeals for this Circuit stated: "* * * continuous

Rules of Civil Procedure, 28 U.S.C.A., directs the Court to local law, and under the New York cases, "whatever activities make the corporation 'present,' the agent in charge of those activities is the 'managing agent' pro hac vice." Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33, 37. Therefore, Lykes Brothers is the defendant's managing agent and service upon its treasurer was proper. New York Civil Practice Act, 229(3), 228(8).

The foregoing disposition is without prejudice to any application which the defendant may be advised to make on the ground of forum non conveniens.

The motion is denied.

Settle order on notice.

activities, be they as little as one will, satisfy the necessity of that physical 'presence' on which jurisdiction depends in a jurisprudence, territorially limited." French v. Gibbs Corporation, 2 Cir., 189 F.2d 787, 789.

6. Perkins v. Louisville & N. R. Co., D.C., 94 F.Supp. 946; Steinway v. Majestic Amusement Co., 10 Cir., 179 F.2d 681, 684, certiorari denied 339 U.S. 947, 70 S.Ct. 802, 94 L.Ed. 1362; cf. Goldstein v. Chicago R. I. & P. R. Co., D.C., 93 F.Supp. 671.