## VAN HOOK v. UNITED STATES.
### No. 50 C 1559.

United States District Court
N. D. Illinois, E. D.

Aug. 8, 1952.

Hubert Van Hook, pro se.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff brings this action under the provisions of 28 U.S.C.A. § 1346(a)(1) to recover 1946 income taxes which he alleges were illegally assessed and collected.

Plaintiff is one of several attorneys who share a suite of offices in Chicago, Illinois. The attorneys share office expenses, but do not share income, unless they agree to work together on a particular case. In

September 1941, one Thomas C. McConnell, an attorney, began work on a case which was subsequently litigated. The case, known as Bigelow v. RKO Radio Pictures, was argued and decided in the United States District Court, 78 F.Supp. 250, the Court of Appeals, 5 Cir., 150 F.2d 877, and the Supreme Court, 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652. In July, 1943, McConnell moved into the offices occupied by plaintiff and three other attorneys, and in February 1945, at McConnell's request, plaintiff began working with McConnell in the preparation and litigation of the Bigelow case. The case was finally decided in February, 1946, and plaintiff received $20,000 as his share of the fee. In computing his 1946 tax liability, plaintiff allocated said fee over a period of 53 months, beginning with September, 1941, pursuant to Section 107(a) of the Internal Revenue Code, 26 U.S.C.A. § 107(a), which provides:

> "If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."

The Court has already decided, in its memorandum and order denying plaintiff's motion for summary judgment, that plaintiff and McConnell need not have been partners in order for plaintiff to enjoy the benefits of Section 107(a). Memorandum and Order dated August 23, 1951, 108 F. Supp. 32. The authorities cited in said memorandum demonstrate that plaintiff need only establish that he and McConnell were joint venturers in the litigation of the Bigelow case. A trial was had for that limited purpose, and it is the opinion of the Court that the plaintiff has sustained his burden of proving that a joint venture did in fact exist during the appeal of the Bigelow case.

■ Although the amount of plaintiff's fee was not determined until after the Bigelow litigation, the evidence clearly indicates that plaintiff and McConnell each had an interest in the outcome of the case. Plaintiff testified that "Mr. McConnell asked me to join him in the appeal work on the basis that we should share, win or lose, in the outcome." (Tr. 6.) McConnell testified as follows:

> " * * * there never was any time that it was not thoroughly understood, not only by myself, but by Mr. Van Hook that he had an interest in that lawsuit as a principal, as far as the attorneys were concerned.

> "It was fully explained to the clients that he was in the case. His name appeared on the briefs. His appearance was filed in their behalf. * * * When the division of the fee was made, the clients were advised of that, told what he was to receive. * * * I treated it as a division of a fee with a lawyer who was equally interested in it with me, except for the division, which was a matter of agreement." (Tr. 17, 18.)

From the foregoing testimony, and in view of all the circumstances of this case, it is clear that there was an express understanding between McConnell and plaintiff in 1945 that each was to share in the profits or expenses of the Bigelow litigation. A joint venture existed, and, under Section 3797(a)(2) of the Internal Revenue Code, 26 U.S.C.A. § 3797(a)(2), this relationship qualifies as a partnership under Section 107(a). Compare Rupple v. Kuhl, 7 Cir., 1949, 177 F.2d 823.

■ Defendant contends that the plaintiff cannot allocate his $20,000 fee among taxable periods as provided in Section 107 (a), since plaintiff collaborated with McConnell for only thirteen months. It is admitted, however, that McConnell's personal services covered more than the minimum of 36 months specified in Section 107(a). In Comm'r of Internal Revenue

**v.** Marshall, 3 Cir., 1950, 185 F.2d 674, and Comm'r of Internal Revenue v. Nielson, 9 Cir., 1951, 187 F.2d 233, it was held that a member of a law partnership is entitled to the benefits of Section 107(a) with respect to his share of fees received by the partnership for services covering more than 36 months, although he had not been a partner for the entire 36 months. Defendant suggests that the instant case should be distinguished from the Marshall and Nielson cases, because plaintiff and McConnell were neither partners nor joint venturers before the Bigelow litigation arose. However, there is no language in the Marshall or the Nielson case which would support such a distinction, and the Court is of the opinion that those cases are adequate authority for holding that the plaintiff is entitled to the benefits of Section 107(a).

For the foregoing reasons, judgment is hereby entered in favor of the plaintiff for $3,410.34, with interest from March 15, 1947.