## GLICK
## v.
## EMPIRE BOX CORP.
### Civ. A. No. 89-210.

United States District Court
S. D. New York.

March 5, 1954.

Charles Gottlieb, New York City, for plaintiff.

Spiro, Felstiner & Prager, New York City, for defendant, appearing specially. Berthold H. Hoeniger, New York City, of counsel.

WEINFELD, District Judge.

The defendant, a Delaware corporation, moves to quash service of summons and to dismiss the complaint on the ground that the defendant is not "present" within the State of New York. Its argument is that it does not do sufficient business in this State for plaintiff's suit here to satisfy the venue requirements of 28 U.S.C. § 1391(c) and due process.

The issue narrows to whether the activities of defendant, absent specific consent to be sued or authorization to an agent to accept service of process for it in New York, are such as to deem it present here so that it would not be unfair or unreasonable to make it respond to suit in New York State.[1] The principal question is the nature and extent of activities—whether systematic and regular or sporadic and casual.

Here the facts are overwhelming. Plaintiff sues for breach of an employment contract which originated and was negotiated in part in New York City. Defendant has nine salesmen who cover the Eastern Seaboard as far west as Pittsburgh, Pennsylvania. Of the nine, at least three now live, and solicit business, in New York. That their activity

1. See, e. g., International Shoe Co. v. State of Washington, 326 U.S. 310, 317, 66 S. Ct. 154, 90 L.Ed. 95; Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33; French v. Gibbs Corporation, 2 Cir., 189 F.2d 787; Allegue v. Gulf & South American S. S. Co., Inc., D.C., S.D.N.Y., 103 F.Supp. 34.

in New York is not only continuous but, indeed, is the key to much of defendant's commercial prosperity, are attested by the sales figures for the last six months of 1953: sales in New York state amounted to $1,518,684; total sales of the corporation were $4,302,083.[2] Several of the New York customers for defendant's containers include some of the nation's largest firms in their respective fields. Plaintiff's activities while in the employ of defendant included the regular solicitation and handling of the account of a large bottler of soft drinks in New York State.

Other activities in the State—while each is not in and of itself determinative—are also relevant. Defendant does the major bulk of its banking in New York. In the latter half of 1953, its deposits totalled $2,257,983 in its New York bank account. On the other hand, its deposits in New Jersey, the site of its factory and office, were almost $800,000 less in the same period, although the defendant characterizes these accounts as its "regular" and "payroll" accounts.[3] Two out of the last three Board of Directors meetings of 1953 were held in the New York City law offices of its general counsel. One of the members of that firm is the Secretary-Treasurer and a director of the defendant. The corporation has a Manhattan telephone listing to ease the burden on those wanting to communicate with its office and factory in Garfield, New Jersey.[4] It is true that the corporation gives its salesmen no authority to bind it to contracts, that those contracts are closed as a rule by mail from Garfield, and that the defendant's shipments are generally sent so that title passes in New Jersey. But such facts do not make suit here unreasonable in view of the systematic and regular activity actually carried on here.[5]

Considering the fact that defendant's general counsel are attorneys in this district, that one of them is an officer and director, that Board meetings are held here to meet the convenience of its directors, that the greater part of its deposits are banked here, that 35% of its sales are made in this district, that substantial income is derived from such sales, that there is a regular and continuous pursuit of business in this area, defendant can hardly urge with candor that it would be inconvenient to permit the action to be maintained in this district.

The motion is denied.

Settle order on notice.

2. Cf. Lehn & Fink Products Corp. v. Milner Products Co., Inc., D.C., S.D.N.Y., 117 F.Supp. 320, 322.

3. Cf. French v. Gibbs Corporation, supra; Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184; see also Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 448, 72 S.Ct. 413, 96 L.Ed. 485.

4. Cf. Allegue v. Gulf & South American S. S. Co., Inc., supra.

5. International Shoe Co. v. State of Washington, supra, 326 U.S. at page 314, 66 S.Ct. at page 157, 90 L.Ed. 95.