**Robert J. McCLENDON, Plaintiff,**

v.

**THE CURTIS BAY TOWING CO.,
Defendant.**

United States District Court,
S. D. New York.

April 8, 1955.

---

3. Now 8 U.S.C.A. § 1503.

Eisenberg & Denbo, New York City, William Gitnick, New York City, of counsel, for plaintiff.

Burlingham, Hupper & Kennedy, New York City, for defendant, appearing specially for the motion.

WEINFELD, District Judge.

The plaintiff commenced this Jones Act action against the defendant alleging that while employed from February 15 to March 11, 1951 as a seaman on board a tug owned by the defendant he contracted tuberculosis, due to defendant's negligence and the unseaworthiness of the vessel. The action was commenced in this district in September, 1953. The defendant appeared specially and moved to set aside and vacate the service of the summons and to dismiss the complaint for lack of jurisdiction upon the ground that the defendant was not "present" in the State of New York at the time of service or any time prior thereto. The defendant is a Maryland corporation engaged in towing and lighterage activities with its principal place of business at Baltimore. It has not filed a certificate of doing business, or a designation of an agent to accept service of process for it, in the State of New York.

The original moving and opposing affidavits having disclosed a sharp issue of fact as to the defendant's activities within this jurisdiction, an interim order was entered directing the examination of officers and representatives of the defendant, decision being reserved in the meantime. Such examination having been concluded, the same has been considered by the Court as part of the motion.

The essential issue is whether the activities of the defendant in the State of New York are such that it may de deemed "present" to the extent that it would not be unfair or unreasonable to make it respond to suit in this district.[1] I am satisfied that upon the entire record a suf-

[1]. See, e. g., International Shoe Co. v. State of Washington, 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95; Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33; French v. Gibbs Corporation, 2 Cir., 189 F.2d 787; Allegue v. Gulf & South America S.S. Co., D.C.S.D.N.Y., 103 F.Supp. 34; Glick v. Empire Box Corp., D.C.S.D.N.Y., 119 F.Supp. 224.

ficient showing has been made to support jurisdiction.

What activities constitute presence sufficient to confer jurisdiction depends in each case upon its own facts.[2] Of course, no one single factor is determinative of the issue.

The defendant, since September, 1951, has employed at a fixed salary one Donaldson, a former officer, for the purpose of soliciting towing contracts in this district. Donaldson devotes his time and efforts exclusively to the defendant's interests and is aided by a full-time secretary. He is referred to by the defendant as a "business solicitor".[3] Donaldson, in addition to his persistent efforts to secure contracts in this district for the defendant, also furnishes information as to the defendant's capacity, and the quality of its performance. Here his function appears to be that of a public relations representative.

The office at 17 Battery Place, New York City, from which these activities are conducted, is under lease to the defendant, whose name is listed upon the door, in the building directory and the New York City telephone directory. The lease was entered into by the defendant in 1951 upon the opening of the office and is still continued in its name. The furniture, equipment and facilities for the operation of the office were purchased by, and are the property of, the defendant. Stationery bearing defendant's name, the address 17 Battery Place, and the words "soliciting office", is used in connection with its activities in New York. The salaries of Donaldson and his secretary are paid by the defendant, as is the entire expense for the upkeep and operation of the office. A direct telephone wire service is maintained between the defendant's New York City office and its principal office in Baltimore.

The defendant does not maintain a New York City bank account. However, there is a transparent attempt to avoid the implication of a corporate bank account. Originally the defendant advanced to Donaldson $1,000 to meet incidental office expenses and the sum was deposited in his personal account; as amounts are disbursed the defendant replenishes the same by further advances to Donaldson.

Problems that arose in connection with contracts obtained in New York City were handled by Donaldson who in correspondence was designated by the defendant as "our New York representative". The defendant, in acknowledging to customers receipt of executed towage contracts forwarded by Donaldson, referred to them as having been "forwarded to us by our New York office." A number of such contracts were signed by Donaldson on behalf of the defendant in New York.

The defendant points to the paucity of contracts, seven in number and $13,000 in total amount, which were procured in this district since March, 1953[4] through Donaldson's efforts, as against the total volume of its business, the great bulk of which was obtained and performed in the Maryland area. This again while a factor to be considered is not conclusive. Equally important is its continuous and systematic effort to procure such contracts, which may be regarded as a seeding that eventually may grow into a substantial portion of the defendant's entire business. Upon the whole record it appears that the defendant's activities and pursuit of business in the New York area is substantial, regular and systematic.[5]

2. People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 62 L.Ed. 587; Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 175 F.2d 900; Abrams v. Bendix Home Appliances, D.C. S.D.N.Y., 96 F.Supp. 3.

3. Correspondence indicates he is also referred to as a "sales manager".

4. The towing services under these contracts were to be performed in Chesapeake Bay.

5. International Shoe Co. v. State of Washington, 326 U.S. 310, 316–317, 66 S.Ct. 154, 90 L.Ed. 95.

However, the defendant contends that the inconvenience of trial here would place such undue burden upon it as to defeat jurisdiction. Undoubtedly to require the defendant to defend in this forum subjects it to some inconvenience. But inconvenience at best is a relative term. All law suits are matters of inconvenience, particularly to defendants. The problem here, once activities sufficient to establish presence are found, is one of "more or less".[6]

The inconvenience advanced by the defendant to defeat jurisdiction relates principally to the problem of proof in resisting plaintiff's claim and the expense of bringing witnesses to this forum from Maryland where the cause of action arose. Plaintiff alleges the United States Public Health Hospital at Manhattan Beach, New York City, close by to this Court as his legal residence. He has been confined there as an in-patient for more than three years due to an advanced condition of pulmonary tuberculosis which he charges to the defendant's negligence.

The defendant urges that the test to be applied in determining the factor of convenience is the same as that applied on a motion to transfer under § 1404(a) of Title 28 U.S.C.A. While there is language in several cases to support this view,[7] with due deference, I am of the opinion that convenience as a factor in determining an issue of jurisdiction is not necessarily the same as that posed in passing upon a motion made under the statute.[8]

I think this is so especially since in the one case it results in a dismissal of the action and in the other a transfer to another district. The essential question in the attack on jurisdiction is whether it offends "traditional notions of fair play and substantial justice"[9] to require a foreign corporation to defend in the forum. In the instance of a statutory motion for transfer other factors assume relevance.[10] To cite but one example, matters of public interest, such as avoiding further calendar congestion, which may be considered of significance under the doctrine of forum non conveniens, could not, on this application in resistance to jurisdiction, be brought to the aid of either the plaintiff or the defendant. Either there is or is not jurisdiction in personam of the defendant. And crowded calendars could hardly be advanced as a ground for denying jurisdiction.[11]

Nor does the fact that the claim did not arise out of the corporation's activities within the State require dismissal for lack of jurisdiction. While this also is a factor to be considered, in and of itself it is not conclusive.[12] Once it is found that the defendant's activities are continuous and substantial the test still is one of "fair play and substantial justice."

Undoubtedly it would be less burdensome for the defendant to contest

---

6. French v. Gibbs Corporation, 2 Cir., 189 F.2d 787, 790.

7. Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F.2d 788, 791; Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, 186.

8. Cf. Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, 186: "It may still be true that in theory the issue as to jurisdiction is different from that as to forum non conveniens; for due process may be compatible with situations of greater inconvenience to the corporation than those inconveniences which would support the plea." See also French v. Gibbs Corporation, 2 Cir., 189 F.2d 787; Pan American Air. Corp. v. Con-

solidated Vultee Air. Corp., D.C.S.D.N.Y., 87 F.Supp. 926, 929; Note, 16 U. of Chic. L.Rev. 523, 527, n. 24 (1949).

9. International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95.

10. Cf. Gilbert v. Gulf Oil Corp., 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

11. Cf. Ronson Art Metal Works v. Brown & Bigelow, D.C.S.D.N.Y., 105 F.Supp. 169, 174, affirmed 2 Cir., 199 F.2d 760; Ortiz v. Union Oil Co. of California, D.C. S.D.N.Y., 102 F.Supp. 492.

12. Cf. Note, 16 U. of Chic.L.Rev. 523, 530–531 (1949).

plaintiff's claim on its home territory. But upon an "estimate of the inconveniences" and all other relevant factors, to require the defendant to answer in this forum would not be so unduly burdensome, or the inconvenience so great as to impinge upon its right to due process.

 The defendant next urges dismissal of the complaint on the ground that in September, 1953 when service was made upon Donaldson he was no longer an officer or director of the defendant, having resigned at or about the time the defendant opened its New York office. That Donaldson was not an officer or director or a general agent on the date of service of the summons or for some months prior thereto is not controlling. Service may also be made upon a managing agent.[13] And the facts which give support to a finding of defendant's presence in this state, predicated in part upon Donaldson's activities on its behalf, warrant the conclusion that he was its managing agent within the requirement of Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[14]

As to the final contention that Donaldson was not served with a summons, little more need be said than that the wilful refusal of a party to accept process handed to him by a Marshal does not defeat service. Upon the theory here advanced by the defendant, every litigant or witness, by a stubborn refusal to receive a summons or subpoena properly tendered to him, effects nonservice.

While the inconvenience incident to a trial in this forum has been considered by the Court on the issue of jurisdiction, the disposition made herein is of course without prejudice to any application the defendant may be advised to make under § 1404(a) of Title 28.

The motion is in all respects denied and the defendant given leave to serve its answer within ten days from the date hereof.

Settle order on notice.

---

13. Allegue v. Gulf & South American S.S. Co., D.C.S.D.N.Y., 103 F.Supp. 34; Szabo v. Smedvig Tankrederi A.S., D.C.S.D. N.Y., 95 F.Supp. 519.

14. French v. Gibbs Corporation, 2 Cir., 189 F.2d 787, 789; Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33; Tuchband v. Chicago & A. R. Co., 115 N.Y. 437, 22 N.E. 360; Meinhard, Greeff & Co. v. Higginbotham-Bailey-Logan Co., 262 App. Div. 122, 28 N.Y.S.2d 483.