Anthony L. NUGEY, doing business as
Brewers Scientific Laboratories,
Plaintiff,

v.

PAUL–LEWIS LABORATORIES,
Inc., Defendant.

United States District Court
S. D. New York.
May 20, 1955.

Lewis & Mound, New York City (Richard Wincor, Albert H. Brodkin, New York City, of counsel), for plaintiff.

White & Case, New York City (Chester Bordeau, John M. Johnston, New York City, of counsel), for defendant.

WALSH, District Judge.

Defendant moves to quash service of process and dismiss the complaint in this action for unfair competition and related relief on the ground that defendant is not doing business in this state and that consequently this court lacks jurisdiction over its person. The motion is denied.

It is undisputed that defendant maintains no office in this state, has no property, bank accounts or employees here. It is a pharmaceutical laboratory having its only place of business in Wisconsin. All of its sales are consummated there. It circularizes potential customers by mail on an industry by industry basis and also follows up inquiries by further correspondence and visits from its home office.

The present action grows out of a circular which it distributed to members of the brewing industry, including some located in this state. Plaintiff, a New Jersey engineer, claims that the defendant's circular unfairly took credit for important contributions which he made to the brewing process.

As to jurisdiction, the immediate dispute centers on whether the activities of one Harvey Reisman are sufficient to establish defendant's "presence" in this district. Reisman operates his own business as "manufacturers representative". Since 1950 he has been engaged by the

defendant to solicit orders for it on a commission basis throughout this state. Reisman also represents three manufacturers of chemical products other than defendant. He estimates that only five to ten percent of his income is derived from defendant. He received commissions on substantially all of defendant's sales in this state, although in many cases the orders were not submitted through him but resulted from his solicitation.

Defendant's business in this district in the year in which the action was started was four percent of its total business. It is now five percent. There is no showing that any other community develops a greater proportion of its sales. Its business in this district is steady, regular and growing.[1]

In addition to regular solicitation through Reisman, defendant held him out to the New York trade as its representative; he collected market information for it; he represented it in the settlement of disputes with customers; he made purchases for it; and accepted orders in its behalf. He also had defendant's name listed in the New York City telephone directory, giving his own telephone and address. (This was done without defendant's permission but defendant acquiesced in the practice after learning of it).

These facts are sufficient to give this court jurisdiction over the defendant. The quality and nature of Reisman's activity in behalf of the defendant are such that it would not burden defendant unduly to bring it here for trial. Reisman was not buying the defendant's products on his own account and then reselling them. He was, in all acts, the agent of the defendant, regularly and systematically servicing its business, and in regular and intimate communication with its chief executive officers.

1. In the year 1953, defendant's total sales were $734,139.65. Of this $49,382.70 was sold to New York customers, including $31,736.24 to customers within the Southern District. During 1953 there were only six weeks when defendant did not receive at least one order from New York. In 1952 there were ten such weeks; in 1954, only four.

Forcing the defendant to trial here would not violate the requirements of due process. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Hutchinson v. Chase & Gilbert, Inc., 2 Cir., 45 F.2d 139, 141. Indeed examining the activities of the defendant and those of the plaintiff in the light of the cause of action alleged, it would be difficult to find a forum more fairly located to both. The alleged misstatements charged in the complaint were broadcast nationwide. New York is not an artificial forum but rather the jurisdiction closest to the residence of plaintiff in which defendant can be said to do business.

■ Systematic solicitation of business on behalf of defendant by an independent broker operating on a commission basis has been held the equivalent of systematic solicitation by the principal. Allegue v. Gulf & South American S. S. Co., Inc., D.C.S.D.N.Y., 103 F.Supp. 34, 35; Satterfield v. Lehigh Valley Railroad Co., D.C.S.D.N.Y., 128 F.Supp. 669, 671; Krnach v. Electro Lift, D.C.N.D.Ohio, 13 F.R.D. 131, 132; Murphy v. Campbell Soup Co., D.C.Mass., 40 F.2d 671, 673.

2. In the light of the relative emphasis given by the court to International Shoe Machinery and Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915, in Elish v. St. Louis Southwestern Ry. Co., 305 N.Y. 267, 112 N.E.2d 842, decided since the Bomze case, there is rea-

If the solicitation is regular and systematic it does not matter that it is small in quantity. McClendon v. Curtis Bay Towing Co., D.C.S.D.N.Y., 130 F.Supp. 455; Lindner v. Plastic Toys, City Ct., 96 N.Y.S.2d 513, 515.

■ Defendant claims that he is entitled to the benefits of the "narrower" test of jurisdiction applied by the New York state courts. Inasmuch as this is an original action commenced in this court rather than transferred from the state courts, its contention is not sound. Satterfield v. Lehigh Valley Railroad Co., D.C.S.D.N.Y., 128 F.Supp. 669, 671. Even if it were, however, the facts would sustain this court's jurisdiction. They are as strong as those considered in Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33, 37.[2]

■ It having been determined that defendant is within the jurisdiction of this court because of the activities carried on by Reisman, service on Reisman, as its managing agent, is sufficient for the purpose of this action. Bomze v. Nardis Sportswear, Inc., 2 Cir., 165 F.2d 33.

Motion denied.

son to believe that the New York courts have occupied "the new enclave" opened by International Shoe Co. v. State of Washington, supra. Cf. Bomze v. Nardis Sportswear, Inc., supra., 165 F.2d at page 36.