**GEISS–AMERICA, a general partnership consisting of Harry J. Graw, Maurice J. Hirschenbein, Bessie Graw and Sanford F. Graw, Plaintiffs,**

v.

**G. G. FRASER, doing business under the trade name and style M. Neufeld & Co., and M. Neufeld & Co., a corporation existent under the laws of the Republic of Germany, Defendants.**

United States District Court
S. D. New York.
Feb. 21, 1958.

Ernest Leff, New York City, for plaintiff. John C. McKenzie, Chicago, Ill., of counsel.

Littauer & Ullman, New York City, for defendants. Rudolf M. Littauer, Philip J. O'Brien, Jr., John V. Hanna, New York City, of counsel.

DAWSON, District Judge.

There are here presented two motions. The motion by the defendant M. Neufeld & Co. is one to dismiss the action or, in lieu thereof, to quash the return of service of summons on the ground (a) that

M. Neufeld & Co. is a partnership doing business in the Republic of Germany and is not subject to service of process within the Southern District of New York, and (b) that M. Neufeld & Co. has not been properly served with process in this action. The motion by defendant Fraser is one to dismiss the complaint on the ground that it fails to state a cause of action against him.

■ The action is one growing out of a sale of goods (stereo viewers) to the plaintiff by M. Neufeld & Co. of Germany, in which the plaintiff seeks recovery against both defendants on the grounds of breach of contract and breach of warranty. There seems to be no dispute from the papers or from the argument that M. Neufeld & Co., which is sued in the complaint as a German corporation, was in fact not a corporation but was and is a partnership, the principal office of which is in Frankfort, Germany. However, the mere description of the defendant as a corporation rather than as an unincorporated business entity would not be sufficient to justify the Court in dismissing the action.

The defendant M. Neufeld & Co. does urge, however, that it is not doing business in New York and is not subject to the service of process within the Southern District of New York. The process in the action was served upon a Kenneth G. Frazer within the Southern District of New York. It appears from the papers submitted in support of the motion that Kenneth G. Frazer is the son of one of the principals in the German partnership and the brother and brother-in-law of the others; that the German partners in 1953 gave Kenneth G. Frazer permission to use the name "Neufeld Company" in connection with a business in New York and that thereupon Kenneth G. Frazer conducted business in New York under the name of "Neufeld Company, New York" during the period from July 1953 to October 1955. An affidavit submitted by Kenneth G. Frazer indicates that a certificate of doing business under the firm name of "Neufeld Company, New York" was entered by Kenneth G. Frazer on July 2, 1953 in the office of the County Clerk of New York County; that he adopted the name of "Neufeld Company" with the express permission of his father given by him in his capacity as a partner in M. Neufeld & Co.; that he did this because he expected to engage eventually in New York in the type of business activities in which M. Neufeld & Co. in Germany was engaged, and that he "wished to benefit from the reputation of M. Neufeld & Co." The papers submitted on the motion show that Frazer performed work and services for M. Neufeld & Co. of Germany. He stated that his firm looked for market outlets for the German firm and other ideas for articles that would be of interest to this market. Affidavits executed by a partner in the German firm indicate that the German firm referred to Neufeld Company, New York, as their New York office. Thus a letter of the German firm, dated May 2, 1955, said in part:

"We have given the New York office instructions to strictly charge self cost for all expenses occurring there. * * *

* * * * *

"Today we received your invoice for 1000 bulbs. We will instruct New York to pay this bill."

Several letters of M. Neufeld & Co. sent to plaintiff in Chicago and submitted by them on this motion refer to "our New York office." For example, a letter of February 28, 1955, says:

"From our New York office we receive the information as to the New York Customs Appraiser's opinion for the classification of the Viewer. We also received a copy of a letter of our New York office, dated February 24, in which Mr. Reichert is writing you about this problem."

Letters refer to an employee of Neufeld Company, New York, as "our Mr. Reichert" and, at a later time, ask for any complaints by the Chicago company as

to Reichert's actions, since the German company was dissatisfied with his performance for them in "other instances" (letter of May 10, 1955). Further, a letter from Mr. Reichert on Neufeld Company, New York, stationery, dated October 17, 1955, refers to "our management in Germany." It would appear from the letters that Neufeld-New York was the New York agency and office of M. Neufeld & Co., Germany.

The contract upon which the suit is based is a written contract between the plaintiff and "M. Neufeld & Co., Frankfort-Main and New York." It was signed by M. Neufeld & Co., the German partnership. The face of the contract indicates that this firm was representing itself as being both of Frankfort and New York. The body of the contract provided, among other things, that

> "Neufeld Company of New York will act as import agent only * *. It is agreed that Neufeld Company, New York, will receive a commission of $1.00 (one) payable in New York."

Thus the very contract on which the suit is brought indicates that the German firm held themselves out as having an office in New York, or an agent in New York. The contract called for performance to be made in New York and called for activities to be performed in New York by its local representative. The supplemental contract of October 26, 1954 provided, with reference to the goods purchased under the contract, "delivery in the United States will be executed by Neufeld Company, New York, who shall act as your agent." It provided that the price of the goods in New York "shall include a 10% profit for Neufeld Company, New York." It provided that all merchandise shipped by Neufeld Company, New York, should be paid for in United States dollars to Neufeld Company of New York by the 10th of the following month and that such payment would constitute payment to M. Neufeld & Co. of Frankfort. It provided that any merchandise which was rejected should be returned to Neufeld Company, New York.

■ It appears without contradiction that neither the German firm nor the New York firm had any office in New York, nor did they have any listing in any telephone directory or in any building directory in New York. However, it also appears from the papers that Mr. Frazer, doing business as Neufeld Company, New York, was a business, sales and collection representative of the German partnership and was held out by them as such. As such the Court concludes that Frazer, doing business as Neufeld Company, was a managing agent or representative of the German partnership, doing business in the Southern District of New York. Certainly he was such in connection with the transaction which is here the basis of the suit. Under Rule 4(d) (3) of the Rules of Civil Procedure, 28 U.S.C.A., service upon a partnership, or other unincorporated association which is subject to suit under a common name, may be made by serving a copy of the summons and complaint upon a managing agent. The Court finds that M. Neufeld & Co. is a partnership which is subject to suit in the Southern District of New York under its common name of M. Neufeld & Co.; that Kenneth G. Frazer, doing business as Neufeld Company, was a managing agent of the German partnership in the Southern District of New York, and that a copy of the summons and complaint was delivered to said Kenneth G. Frazer.

■ M. Neufeld & Co. additionally contends that Mr. Frazer ceased doing business as Neufeld Company, New York, in 1955, and that hence the company was not subject to jurisdiction at the time of the service of process, nor was Frazer a managing agent at that time. However, as Judge Learned Hand has held, a corporation which had been present in the forum state previously because of its activities, cannot claim to no longer be subject to jurisdiction solely because its

activities in the forum state have been reduced. In that situation the burden would be upon the defendant to show why the reduction of activities would "make it unfair to force it to trial." He continued by saying that

"* * * given any continued local activities the strict requirement of 'presence' is satisfied; and that the rest is a matter of more or less." French v. Gibbs Corp., 2 Cir., 1951, 189 F.2d 787, 790.

See also Mid-Continent Petroleum Corp. v. Universal Oil Prod. Co., 1950, 198 Misc. 1073, 102 N.Y.S.2d 74, affirmed 278 App. Div. 564, 102 N.Y.S.2d 451. In the present case the defendant partnership was certainly doing business in New York through its local representative at the time the contract in suit was entered into and for some time thereafter. It further appears that after the alleged dissolution of Neufeld Company, New York, in October-December 1955, Kenneth G. Frazer has continued to hold about 1,000 stereo viewers in Customs bond in New York, subject to the order of M. Neufeld & Co., and has continued as the claimant in proceedings for the refund of Customs duties. Further, he apparently continues in possession of the files and records of Neufeld Company, New York, and as recently as the Spring of 1957 he acknowledges writing to Mr. Schutzendorf of M. Neufeld & Co., Germany, outlining his views and advice regarding the manner in which negotiations with plaintiff as to the stereo viewer transactions might be resumed.

■ It thus appears to the Court that there has been no complete cessation of M. Neufeld & Co.'s activities in this jurisdiction, particularly as relate to the transaction out of which this cause of action arises. Similarly, since it has been determined that the defendant company is within the jurisdiction of this Court because of activities carried on by Frazer, service on Frazer, as the company's managing agent, is sufficient for the purpose of this action. Nugey v. Paul-Lewis Laboratories, D.C.S.D.N.Y. 1955, 132 F.Supp. 448; McClendon v. Curtis Bay Towing Co., D.C.S.D.N.Y. 1955, 130 F.Supp. 455; Satterfield v. Lehigh Valley R. R. Co., D.C.S.D.N.Y.1955, 128 F.Supp. 669. See 2 Moore, Federal Practice Par. 4.22. Frazer appears to have continued as agent for M. Neufeld & Co. pending the conclusion or renegotiation of their stereo viewer business and for purposes of representing them in their claims in the Customs office. The fact that he is presently working for another company, as stated in his affidavits, does not preclude the finding that he also continues to be M. Neufeld & Co.'s agent in New York. Resultantly, service on Kenneth G. Frazer met the requirements of Rule 4(d)(3) of the Federal Rules of Civil Procedure and sufficed to give fair notice to the defendants of the commencement of this action.

All of these factors in this case are sufficient, in the opinion of the Court, for it to reach the conclusion that the German partnership had ties in this jurisdiction which make it fair and equitable that it should be a defendant in a suit brought in this jurisdiction which is based in part on activities it has conducted here. See McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; French v. Gibbs Corp., supra.

■■ Defendant Kenneth G. Frazer, doing business as Neufeld Company, has also moved to dismiss the complaint pursuant to Rule 12(b) of the Rules of Civil Procedure on the ground that the complaint fails to state a claim against defendant Kenneth G. Frazer. This defendant relies not solely upon the face of the complaint but has also presented matters outside the pleading. The motion will therefore have to be treated as one for summary judgment and disposed of as provided by Rule 56 of the Rules of Civil Procedure. The complaint alleges, and the plaintiff contends, that the con-

tract upon which suit was brought was a contract binding both upon the German partnership and the New York firm, and that both of them breached the contract and breached the warranties contained in the contract. These issues are disputed vigorously by defendant Kenneth G. Frazer, but it cannot be said that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c). Defendant may be able to sustain his position at the trial, but the issue is one which should not be determined on affidavits but rather should be determined after a full trial where there is an opportunity to place all the facts before the Court and where the parties are afforded the right of examination and cross-examination. The motion of defendant Frazer to dismiss the complaint under Rule 12(b) must therefore be denied.

Both motions are denied. So ordered.