Alex GREEN, Plaintiff,

v.

COMPANIA DE NAVIGACION ISABELLA, LTD., Defendant.

United States District Court
S. D. New York.

Aug. 4, 1960.

---

Kreindler & Kreindler, New York City, Paul S. Edelman, New York City, of counsel, for plaintiff.

Kirlin, Campbell & Keating, New York City, Matthew L. Danahar, John A. Dowd, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The defendant moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., (1) to dismiss the complaint for lack of jurisdiction over it on the ground that it does not and did not transact business within this district, or in lieu thereof, (2) to quash service of process on the ground that Boyd, Weir & Sewell, Inc. (hereafter referred to as Boyd), upon whom the summons and complaint was served, was not, within the purview of Rule 4(d) (3), the defendant's "managing or general agent."

The issues are presented upon the deposition of a Vice President of Boyd. A fair reading of the deposition indicates that the services performed within this district by Boyd for and on behalf of the defendant, while not precisely on all fours, are substantially similar to those found by this Court in Arpad Szabo v. Smedvig Tankrederi A.S., D.C.S.D.N.Y. 1951, 95 F.Supp. 519, sufficient to establish "presence" of the defendant within this jurisdiction and also to constitute the party upon whom process was served, its managing or general agent.

In the instant case there was more than mere solicitation of business.[1] The fact is that the services rendered by Boyd for the defendant did not end with

[1] Cf. Allegue v. Gulf & South African S.S. Co., D.C.S.D.N.Y.1952, 103 F.Supp. 34.

the negotiation and execution of three separate charter parties covering one of defendant's vessels; on the contrary, these led to further and substantial activities on its behalf. Thereafter, Boyd, acting on behalf of the defendant and under its authority, directed the master to proceed to the port for loading, received the moneys due the defendant from the charterer, paid the ship's expenses at the loading port, authorized the hiring of additional crew members and reimbursed those who had advanced funds for the vessel's functioning. In short, from the moneys regularly received for the ship's hire, Boyd paid, on defendant's authority, the crew's wages and charges for food, fuel and repairs; at times it advanced lump sums to the captain; it then credited the balance, less its own commission, to the defendant's account, for whose benefit it deposited the proceeds in banks within this district, subject to the owner's further instructions. Boyd's activities on behalf of the defendant "left little or nothing for it to do each month except to receive net proceeds of the charter hire." [2]

▇▇▇▇ At the time of the service of process, the defendant's account with Boyd was an active one. While it is true that Boyd was not the agent in the chartering of the vessel on which the plaintiff alleges he was injured, it appears that on several occasions Boyd paid or advanced sums for wages, food and fuel for the account of that vessel. The payments were charged against credits due the defendant in connection with the charter of one of its vessels. Upon the facts presented, there is a sufficient showing of a regular and continuous course of substantial business by Boyd on defendant's behalf within this State to establish that it was present by reason thereof and thus subject it to jurisdiction, and also to constitute Boyd as its managing or general agent. The attempt to minimize the extent of this activity by urging that the amount of income received by Boyd therefrom is but a fraction of Boyd's entire business conducted for other shipowners does not detract from its steady and regular nature. Parenthetically, it is noted that in a period of nine months Boyd collected $189,000 on behalf of the defendant, which moneys were disbursed and credited in accordance with the practice previously noted. In any event, since Boyd's activities for the defendant were regular and systematic, the amount of commission received by Boyd for its services is not material.[3] Neither does the fact that the cause of action arose outside of this district militate against jurisdiction, since Boyd's activities within the district were not so limited as to make it unfair for the defendant to come here.[4]

Kelly v. Three Bays Corp., D.C.S.D. N.Y.1959, 173 F.Supp. 835, affirmed per curiam, 2 Cir., 1960, 276 F.2d 958, so heavily relied upon by the defendant, is readily distinguishable. The Court there specifically noted that the agent "did not act as husbanding agent" for the defendant "and had no authority to enter into contracts on its behalf." Id. at page 837. It concluded that the agent engaged in nothing more than mere solicitation.

The motion is denied.

2. Arpad Szabo v. Smedvig Tankrederi A.S., D.C.S.D.N.Y.1951, 95 F.Supp. 519, 521.

3. Cf. McClendon v. Curtis Bay Towing Co., D.C.S.D.N.Y.1955, 130 F.Supp. 455.

4. Cf. Allegue v. Gulf and South African S.S. Co., D.C.S.D.N.Y.1952, 103 F.Supp. 34.