**James R. HOFFA, Plaintiff,**

v.

**The NATIONAL BROADCASTING COM-PANY, Inc., Defendant.**

**Civ. A. No. 20133.**

United States District Court
E. D. Michigan, S. D.

Feb. 4, 1963.

George S. Fitzgerald, Detroit, Mich., for plaintiff.

R. William Rogers, Dickinson, Wright, McKean & Cudlip, Detroit, Mich., for defendant.

LEVIN, Chief Judge.

James R. Hoffa filed this diversity action to recover damages for libel and slander allegedly committed by The National Broadcasting Company and two individual defendants. The two individual defendants appeared on a national television program broadcast by The National Broadcasting Company and made statements which plaintiff claims were libelous.

The individual defendants were served outside of Michigan, and their motions

to quash service were granted. Service was had on defendant NBC by serving in Detroit the chairman of its board of directors. NBC has also moved to quash service, contending that it is not doing business in Michigan such as to make it amenable to service of process in this state, which motion I have already denied. This opinion sets out my reasons for doing so.

NBC maintains an office in Michigan, which has few employees. Their primary duty is to solicit advertising in Michigan and the surrounding states, and contracts are subject to approval by the principal office in New York. NBC owns no radio or television stations in Michigan, but it is affiliated with a number of local stations and regularly and systematically sends program material to these stations via common carrier communications facilities.

The federal rules provide the mechanics of service on corporations, rules 4(d)(3) and 4(d)(7). The First, Third, Fifth, and Seventh Circuits have held that state law governs amenability to service of process in federal court in diversity actions, relying ultimately on the Erie line of cases, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Pulson v. American Rolling Mill Co., 170 F.2d 193 (1st Cir., 1948), Partin v. Michaels Art Bronze Company, 202 F.2d 541 (3rd Cir., 1953), Lone Star Package Car Co., Inc. v. Baltimore & O. R. Co., 212 F.2d 147 (5th Cir., 1954), Canvas Fabricators, Inc. v. Hooper & Sons Company, 199 F.2d 485 (7th Cir., 1952), Riverbank Laboratories v. Hardwood Products Corp., 220 F.2d 465 (7th Cir., 1955). On the other hand, in Jaftex Corporation v. Randolph Mills, Inc., 282 F.2d 508 (2nd Cir., 1960), Judge Clark took the view that the amenability of a corporation to service of process issuing out of a federal court presents a question of federal law.

I do not find it necessary to decide whether in a diversity case federal or state law determines amenability to service, as the service in this case is good under Michigan law, and Michigan law is not broader than the constitutional standards set out in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. Hershel Radio Co. v. Penn. R. Co., 334 Mich. 148, 54 N.W.2d 286 (1952).

NBC's position is based on the so-called "railroad cases" in Michigan, particularly Smart v. Florida East Coast Ry. Co., 240 Mich. 542, 215 N.W. 390 (1927), Hershel Radio Co. v. Penn. R. Co., 334 Mich. 148, 54 N.W.2d 286 (1952), Singleton v. Atlantic Coast Line R. Co., 20 F. R.D. 15 (E.D.Mich.1956), and Dolce v. Atchison, T. & S. F. Ry. Co., 23 F.R.D. 240 (E.D.Mich.1959). These cases hold that where a railroad has no tracks or other property in Michigan, it is not amenable to process even though it maintains an office in Michigan staffed by its representatives for purposes of soliciting business, tracing freight shipments, writing or rewriting bills of lading, etc.

NBC argues that its small office in Michigan is solely for the purpose of solicitation of business and that therefore, by the authority of the railroad cases, the service was invalid. I would agree with NBC if its business were merely selling advertising; but NBC's primary business is supplying certain types of services or products, to wit, radio and television programs. These it supplies through the facilities of common carriers to buyers, radio and television stations, throughout Michigan.

Reference to the railroad cases cited above is instructive. A railroad's business is to provide certain transportation services. Where a railroad solicits customers within the state but does not provide the services within the state, the railroad is not amenable to process in Michigan; but where a railroad does even a small part of its business of providing transportation within Michigan, it is amenable to service of process here. If NBC did not supply its services to radio and television stations in Michigan but merely kept an office for the solicitation of advertising to be broadcast on its programs in other states, the cited railroad cases would be apposite.