440 F.Supp. 13 (1977)
Alexander CALANDRA, Plaintiff,
v.
NATIONAL BROADCASTING COMPANY, INC., Defendant.
No. 77-516C(3).
United States District Court, E. D. Missouri, E. D.
September 8, 1977.
*14 John B. Kistner, Jr., Webster Groves, Mo., for plaintiff.
Allen S. Boston, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon defendant's motion to quash service of process. Plaintiff filed this suit, basing jurisdiction upon 28 U.S.C. § 1338, seeking damages for an alleged infringement of plaintiff's statutory copyright for a story published in a magazine entitled "Current Science". Plaintiff alleges that defendant aired a dramatization of the ideas contained in the story on one of its television programs.
In support of its motion, defendant has filed affidavits which state the following: National Broadcasting Company, Inc. ["NBC"] is a corporation organized and existing pursuant to the laws of the state of Delaware with its principal place of business in the state of New York. It is not qualified to do business within the state of Missouri and does not have an office, telephone listing or resident agent within the state of Missouri. Service herein was attempted by serving Clyde Clem of NBC Spot Sales. The affidavits state that this office is the St. Louis office of Bomar Lowrance & Associates, Inc. who pursuant to contract, is a sales representative in certain areas for NBC. The contract provides that Bomar Lowrance & Associates, Inc. is an independent contractor. NBC has never designated Bomar Lowrance & Associates, Inc. as its general agent or its agent for the purpose of accepting service of process within the State of Missouri. There is a listing in the telephone directory for "NBC Television Spot Sales"; said listing was placed, and paid for, by Bomar Lowrance & Associates, Inc. None of the employees of Bomar Lowrance & Associates, Inc. are paid by defendant NBC nor are they responsible to NBC for their conduct.
Rule 4(d)(3), Federal Rules of Civil Procedure, authorizes service of process upon a foreign corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . .". It is clear that neither Clyde Clem nor Bomar Lowrance & Associates, Inc. are officers, managing or general agents, or agents authorized by appointment or law to receive service of process. Jennings v. McCall Corporation, 320 F.2d 64, 72 (8th Cir. 1963); 2 Moore's Federal Practice ¶ 4.22[1].
Rule 4(d)(7) also authorizes services "in the manner prescribed by the law of the state in which the district court is held . . .". Section 506.150, R.S.Mo. (1974) authorizes service upon a foreign corporation by serving "an officer, partner, a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof, or . . . any other agent authorized by appointment or required by law to receive service of process". According to the uncontested affidavits filed herein, the office of Bomar Lowrance & Associates, Inc. is not a business office of defendant. As concluded above, neither Clyde Clem nor Bomar Lowrance & Associates, Inc. are officers, partners, managing or general agents, or other agents authorized to receive service of process.
Plaintiff has argued that "the broader issue before this Court is whether Mr. Clyde Clem and Bowmar [sic] Lowrance of which Mr. Clem is the president are agents of NBC so that personal jurisdiction attaches to NBC and venue lies in this district when process is served on Mr. Clem.". The issue, however, is not whether NBC is personally subject to the jurisdiction of this Court, or whether venue lies in this district. The issue is simply whether the service effected herein comports with the requirements of Rule 4, Federal Rules of Civil Procedure. Accordingly, some of the cases cited by plaintiff are inapposite. See Houghton *15 Mifflin Company v. National Computer Systems, Inc., 378 F.Supp. 592 (S.D.N.Y.1974); Julia Cosmetics, Inc. v. National Broadcasting Company, Inc., 355 F.Supp. 938 (W.D. La.1973); Hoffa v. National Broadcasting Company, Inc., 213 F.Supp. 895 (E.D.Mich. 1963); Nugey v. Paul-Lewis Laboratories, Inc., 132 F.Supp. 448 (S.D.N.Y.1955).
In PPS, Inc. v. Jewelry Sales Representatives, Inc., 392 F.Supp. 375 (S.D.N.Y.1975), and Bach v. Friden Calculating Mach. Co., Inc., 167 F.2d 679 (6th Cir. 1948), the courts held that a sales representative constituted a managing or general agent within the meaning of Rule 4. The pervasive relationship, however, between the sales representatives and the companies in those cases does not exist herein. Mr. Clem and Bomar Lowrance & Associates, Inc. are only involved in one aspect of defendant's business, and not even that aspect which relates to the cause of action herein. It is the Court's opinion that the relationship between Mr. Clem and Bomar Lowrance & Associates, Inc. and defendant is insufficient to justify the conclusion that Mr. Clem and Bomar Lowrance & Associates, Inc. constitute agents of defendant for purposes of service of process.
Accordingly, defendant's motion will be granted.