**HEALING et al. v. ISBRANDTSEN CO., Inc. et al.**

United States District Court,
S. D. New York.

Dec. 31, 1952.

Nathan Baker and Samuel M. Cole, New York City, for plaintiff.

Macklin, Speer, Hanan & McKernan by Martin J. McHugh, of New York City, for Reading Co.

BONDY, District Judge.

This is a motion by defendant Reading Company, a railroad corporation organized under the laws of Pennsylvania, to vacate the service of summons on the defendant on the ground that defendant is not doing business within the jurisdiction of this court.

The defendant alleges that for over thirty years it has maintained in New York City an office in which it employs several persons whose salaries are remitted from Pennsylvania, who solicit business for defendant's lines, give information, and generally "maintain contact" with the shippers in New York; tickets good over defendant's lines all of which are outside the state of New York are sold in New York City by the Central Railroad Company of New Jersey; defendant's cars are brought here from time to time by other railroads; defendant has a stock transfer agent here which also pays interest on bonds issued by the defendant; a trust company in New York City is trustee under the general and refunding mortgages of the defendant; de-

fendant has three listings in the City's telephone directory; two of its directors reside in New York, but do not transact any business here for the corporation. The defendant also owns and operates for hire three tugboats for towing coal barges in New York Harbor. It has not designated any person upon whom service may be had in the State of New York.

The defendant contends that these activities do not constitute "doing business" in a manner subjecting it to personal service of process.

In Green v. Chicago, B. & Q. R. R. Co., 1907, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, mainly relied on by the defendant, it was held that mere solicitation of business by a foreign railroad corporation in a district does not subject it to personal service of process therein. In numerous cases, including Philadelphia & Reading R. R. Co. v. McKibbin, 1917, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710, Federal, State and Municipal courts held that the company is not subject to personal service of process in this state and district.

However, all but four of the cases cited by defendant were decided before International Shoe Co. v. Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, hereinafter considered.

Since the Green case, solicitation coupled with slight additional activities of the corporation in a jurisdiction has been held to subject the corporation to personal service of process. International Harvester Co. v. Commonwealth of Kentucky, 1914, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479. See Frene v. Louisville Cement Co., 1943, 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926; Barnett v. Texas & P. Ry. Co., 2 Cir., 1944, 145 F.2d 800. In Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139, 141, Judge Learned Hand said that "Possibly the maintenance of a regular agency for the solicitation of business will serve without more" and that the test is "whether the extent and continuity of what it has done in the state in question makes it reasonable to bring it before one of its courts."

Considering defendant railroad's contention that it maintained the office here in reliance on the Green case supra, the court in Barnett v. Texas & P. Ry. Co., supra stated that the International Harvester case, and the Hutchinson case, put the defendant corporation on notice that the Green case would not protect it from suits in personam.

In the International Shoe case, the Supreme Court held that solicitation was enough to subject the defendant corporation to a suit in personam on a cause of action arising out of the corporation's activities in the jurisdiction where suit was brought. The only additional activity was the display of samples. The court did not expressly overrule the Green case but citing the Hutchinson case, supra, the court stated that the conditions necessary to subject a foreign corporation to personal service of process in a jurisdiction "may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. An 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business is relevant in this connection." [326 U.S. 310, 66 S.Ct. 158.]

It was held on the authority of the International Shoe case that solicitation of freight and passenger business by a railroad in a district was by itself enough to subject it to personal service of process. Lasky v. Norfolk & W. Ry. Co., 6 Cir., 1946, 157 F.2d 674; Cooke v. Kilgore Mfg. Co., D.C., 1952, 105 F.Supp. 733 involving a similar motion by the Reading Company in Ohio; see Allegue v. Gulf & South American S. S. Co. Inc., D.C., 1952, 103 F.Supp. 34; Willett v. Union Pac. R. Co., 1948, 76 F.Supp. 903.

Defendant's activities in this district are sufficiently extensive to bring the case within the authorities holding that solicitation coupled with additional activities subject a corporation to personal service of process. However, the court will apply the test stated in Kilpatrick v. Texas & P. Ry. Co., 2 Cir.,

1948, 166 F.2d 788, in which Judge Learned Hand said that when there is no specific venue statute, whether a railroad corporation is subject to personal service in a given suit depends upon whether it is doing business in the forum, and upon a balancing of interests, indistinguishable from the issue of forum non conveniens. This test is entirely in accord with the test laid down in the International Shoe case.

■ Since continuous solicitation of business by a railroad is doing business within this test, Kilpatrick case, supra, there remains only the "estimate of the inconveniences."

The complaint sets forth twelve causes of action to recover damages for personal injuries and wrongful deaths resulting from the explosion at South Amboy in May, 1950, alleged to have occurred through the negligence of the defendants. Jurisdiction is based on the alleged violation of various acts of Congress relating to transportation of explosives. Ten of the plaintiffs are residents of New Jersey, one of New York and one is a Massachusetts corporation with offices in New York and New Jersey. Three of the defendants are New York corporations, the other defendants are corporations incorporated under the laws of various other states.

■ That the cause of action has no relation to the defendant's activities here is an important but not a conclusive consideration. Perkins v. Banguet Consol. Mining Co., 342 U.S. 437, 440, 72 S.Ct. 413, 96 L.Ed. 485. The non-residence of a plaintiff in actions based on torts which have occurred outside the forum is likewise an important consideration.

■ However, twelve defendants have been served here and only one besides the defendant challenged the validity of the service. It does not appear that this defendant or any of the defendants, excepting one, could have been served in New Jersey where the accident occurred.

The convenience to the plaintiffs in joining all the defendants whose alleged liability arises out of the same state of facts is apparent.

In view of the proximity of both Pennsylvania and the place of the accident to New York City, no serious inconvenience results to this defendant by requiring it to defend this action away from its "home". See Cox v. Penn. R. Co., D.C., 72 F.Supp. 278.

The motion, accordingly, is denied, notwithstanding that the defendant heretofore has been repeatedly held not to be subject to the service of process in the State of New York.