George SATTERFIELD, Plaintiff,

v.

LEHIGH VALLEY RAILROAD CO., a corporation, H. E. Millard Lime & Stone Co., a corporation, Maritrop Trading Corp., a corporation, the Dallock Corp., a corporation, Illinois Central Railroad Company, a corporation, International Great Northern Railroad, a corporation, Pennsylvania Railroad, a corporation, Reading Company, a corporation, Erie Railroad Co., a corporation, and Atlantic Coast Line Railroad Company, Defendants.

United States District Court,
S. D. New York.

Feb. 18, 1955.

Baker, Garber & Chazen, Hoboken, N. J., for plaintiff, Milton Garber, Hoboken, N. J., of counsel.

Shearman & Sterling & Wright, New York City, for defendants, H. E. Millard Lime & Stone Co., appearing specially herein, C. Brent Holleran, New York City, of counsel.

PALMIERI, District Judge.

This is a motion under Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C., to dismiss the action against defendant, H. E. Millard Lime & Stone Co. (Millard). The action is one to recover for personal injuries and federal jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332(a) (1). Millard urges that it is entitled to a dismissal on the grounds that: (1) It is not subject to service of process in this jurisdiction; (2) It is not subject to suit in this district; and (3) It has not been served with process in this action.

Millard is a corporation that is organized under the laws of Pennsylvania and is engaged in quarrying, processing and selling limestone and lime, and in other activities. Its office, quarries and plants are in Pennsylvania, and it does not have any office or plant in New York. Millard's industrial limestone products are sold in New York through R. D. Bates who is engaged in business under the name of R. D. Bates Co. and has an office in New York City. Mr. Bates is denominated an independent commission broker and his business activities are described in the affidavits presented to me.

From these affidavits it appears that many years ago Mr. Bates caused (1) the name "H. E. Millard" to be placed in the building directory of the building in which he has his office with the same room number as that of his office and (2) the name "H. E. Millard-lime" to be listed in the New York City telephone directory with the same number as that listed for his office. Persons who wish to purchase Millard lime and limestone products order such products from Mr. Bates. Mr. Bates then directs Millard to ship the products directly to the person who ordered them. Millard bills Mr. Bates at the "plant price" for the products, and Mr. Bates bills the person who ordered the products at the same price. The person who ordered the products pays Mr. Bates the "plant price" and Mr. Bates pays Millard the "plant price" less a "commission." Millard looks to Mr. Bates for payment of the price less the commission and Mr. Bates assumes all credit risks.

Millard insists that it has no record of having authorized Mr. Bates to place the name "H. E. Millard" in the building and New York City telephone directories. But it does not say that it did not know that the name was placed in these directories. And it is clear that Millard knew and consented to Mr. Bates holding himself out as a source through which Millard products could be procured.

██ This Court has personal jurisdiction over Millard and venue was properly laid in this district if Millard was "doing business" in this district at the time of the alleged service of process upon it. 28 U.S.C. § 1391(c). The courts in some circuits seem to believe that 28 U.S.C. § 1391(c) is not relevant in determining whether a district court has personal jurisdiction over a foreign corporate defendant in actions which do not involve a federal question. These courts decide the issue in accordance with state law. See Partin v. Michaels Art Bronze Co., Inc., 3 Cir., 1953, 202 F.2d 541; Albritton v. General Factors Corp., 5 Cir., 1953, 201 F. 2d 138; Canvass Fabricators, Inc. v. William E. Hooper & Sons Co., 7 Cir., 1952, 199 F.2d 485; Pulson v. American Rolling Mill Co., 1 Cir., 1948, 170 F. 2d 193. But the view in this circuit and district seems to be that whether a district court has personal jurisdiction over a foreign corporate defendant is a question that is to be determined in accordance with the statutes of the United States and the decisions of the courts of the United States. See Knight v. Stockard S. S. Corp., 2 Cir., 1954, 214 F.2d 727; Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, certiorari denied, 1949, 338 U.S.

867, 70 S.Ct. 141, 94 L.Ed. 531; Jacobowitz v. Thomson, 2 Cir., 1944, 141 F. 2d 72; General Electric Co. v. Masters Mail Order Co. Inc., of Washington, D. C., D.C.S.D.N.Y.1954, 122 F.Supp. 797, 800; Healing v. Isbrandtsen Co., D.C.S.D.N.Y.1952, 109 F.Supp. 605; Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., D.C.S.D.N.Y.1952, 104 F.Supp. 716, affirmed, 2 Cir., 1952, 199 F.2d 760; and see Polizzi v. Cowles Magazines, Inc., 1953, 345 U.S. 663, 73 S.Ct. 900, 97 L.Ed. 1331. The Court of Appeals did not indicate that it thought otherwise in Bomze v. Nardis Sportswear, Inc., 2 Cir., 1948, 165 F. 2d 33. The Bomze case involved an action that was removed from the state court and the Court stated, "By removal a defendant does not lose his right to challenge the invalidity of the service in the state court; and thus the first question is whether the service was valid under the New York decisions. * * *" 165 F.2d at page 35. Indeed, this language seems to imply that New York decisions are not relevant when a case is initiated in a federal court.

I believe that Millard was "doing business" in this district within the meaning of 28 U.S.C. § 1391(c). The issue in every case is whether the nature of the foreign corporation's contacts with the judicial district in which it is sued is sufficient to justify subjecting it to suit in that district. Cf. Perkins v. Benguet Consolidated Mining Co., 1952, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. In this case Millard's contacts with this district arise out of the activities of R. D. Bates Co. Bates is in effect Millard's sales agent in New York City. The fact that Bates is an independent business organization which receives its compensation in the form of a "commission" rather than a salary is not controlling. Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, certiorari denied, 1949, 338 U.S. 867, 70 S. Ct. 141, 94 L.Ed. 531; Arpad Szabo v. Smedvig Tankrederi A.S., D.C.S.D.N.Y. 1951, 95 F.Supp. 519; cf. Bomze v. Nardis Sportswear, Inc., 2 Cir., 1948, 165 F.2d 33; Sterling Novelty Corp. v. Frank & Hirsch Distributing Co. (Pty.) Ltd., 1949, 299 N.Y. 208, 86 N.E.2d 564, 12 A.L.R.2d 1435. Millard's continuous and long continued activities in this district by which its products are sold through R. D. Bates Co. justify its being sued in this district even though the suit is not based on a transaction which occurred in this district. See Perkins v. Benguet Consolidated Mining Co., 1952, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; Healing v. Isbrandtsen Co., D.C.S.D.N.Y.1952, 109 F.Supp. 605.

The remaining question deals with the validity of the manner in which the alleged service of process on Millard was effected. Process was served on an office manager of R. D. Bates Co., one E. H. Johnson. It is well settled that service on the agent whose activities establish that defendant is doing business in the district is sufficient service on the foreign corporation. Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, certiorari denied, 1949, 338 U.S. 867, 70 S. Ct. 141, 94 L.Ed. 531; Bomze v. Nardis Sportswear, Inc., 2 Cir., 1948, 165 F.2d 33; Arpad Szabo v. Smedvig Tankrederi A.S., D.C.S.D.N.Y.1951, 95 F.Supp. 519.

Motion denied.