Sarah DANZIG and Robert L. Danzig,
Plaintiffs,

v.

VIRGIN ISLE HOTEL, INC., a corporation, Defendant.

United States District Court
S. D. New York.

June 7, 1957.

Blum, Jolles, Gruber, Szabad & Gersen, New York City, for plaintiffs.

Frank G. Sterritte, New York City, for defendant.

CASHIN, District Judge.

This is a motion by the defendant to dismiss the complaint pursuant to Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A., on the ground that defendant does not do business in the State of New York and the service of process was not properly effected upon it.

The plaintiffs, citizens of Illinois, are man and wife who were guests at the hotel owned by the defendant located in the Virgin Islands. The defendant is a Virgin Island corporation. Federal jurisdiction is invoked on the basis of diversity of citizenship.[1]

The action by the wife is for personal injuries suffered while a guest in the hotel and by the husband for medical expenses and loss of services and consortium, resulting from said injuries.

The activities of the defendant in New York are not in serious dispute and consist of the following:

1. Continuous maintaining of an office in the City of New York for a period of at least seven years, which is identified as the New York office of the defendant on business cards, in telephone directories and in advertisements;

2. The solicitation of business for the hotel and the making of reservations for prospective guests;

3. The maintaining of a bank account; and

4. The employment of a local advertising agency.

Counsel for both sides, without expressly addressing themselves to the point, seem to assume that the law of New York is controlling upon the issue of whether the defendant is doing business in New York and thus amenable to service of process. The assumption, however, is groundless. In the Federal Court, even in diversity suits, this Circuit and District have adopted the view that the question of personal jurisdiction of a foreign corporate defendant is to be decided in accordance with the statutory and case law of the United States.[2]

Since the Supreme Court decision in International Shoe Co. v. State of Washington[3] the concept of "doing business" has been liberalized and the recent cases in this District hold that a minimum amount of continuous activity in the State is sufficient to subject foreign corporations to suit in a Federal Court in said State.[4]

The fact that the plaintiff is a non-resident;[5] that the action is based

---

1. 28 U.S.C.A. § 1332.

2. 28 U.S.C.A. § 1391(c); Satterfield v. Lehigh Valley Railroad Co., D.C.S.D.N.Y. 1955, 128 F.Supp. 669; Hedrick v. Canadian Pac. Ry. Co., D.C.S.D.Ohio 1939, 28 F.Supp. 257; Anderson v. British Overseas Airways Corp., D.C.S.D. N.Y.1956, 144 F.Supp. 543.

3. 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

4. Healing v. Isbrandtsen Co., D.C.S.D.N.Y. 1952, 109 F.Supp. 605; Satterfield v. Lehigh Valley Railroad Co., supra; Rayco Manufacturing Co. v. Chicopee Manufacturing Corporation, D.C.S.D.N.Y.1957, 148 F.Supp. 588.

5. Healing v. Isbrandtsen Co., supra; Anderson v. British Overseas Airways Corp., supra.

upon a tort occurring outside the State;[6] and the fact that the basis of the suit had nothing to do with the activities of the defendant within the State,[7] are basically irrelevant to the question of whether the corporation is present within the State through its doing of business so as to be amenable to process.

■ The only question remaining is whether the service was upon one properly denominated a managing or general agent.[8] It having been determined that the corporation is doing business within the State of New York, and it appearing from the affidavits that the person upon whom service of process was effected is the person in charge of the activities of the defendant in New York State, there is, of course, no doubt that service of process was proper.

In an answering affidavit the defendant points out that there is pending in the District Court of the Virgin Islands an action between the same parties, based upon the same subject matter. Since the notice of motion did not raise the point of two actions pending between the same parties in a different jurisdiction, no consideration is being given to that point, if, indeed, any could.[9]

The motion is denied. It is so ordered.

6. Anderson v. British Overseas Airways Corp., supra.

7. Satterfield v. Lehigh Valley Railroad Co., supra.

8. Rule 4(d) (3), Federal Rules of Civil Procedure.

9. See Rule 12(b), Federal Rules of Civil Procedure, providing only certain enumerated defenses may be made by motion and all other defenses must be made in a responsive pleading.