**Irving NAPELBAUM, Plaintiff,**

v.

**ATLANTIC GREYHOUND CORPORATION, Defendant.**

United States District Court
S. D. New York.

Aug. 7, 1958.

Emile Z. Berman, and A. Harold Frost, New York City, for plaintiff.

Bleakley, Platt, Walker, Hart & Fritz, New York City, for defendant.

CASHIN, District Judge.

Defendant, a Virginia corporation, operates bus lines in the southeastern part of the United States. Plaintiff, a New York resident, received personal injuries as a result of a collision in Tennessee between his motor vehicle and one of defendant's buses. Plaintiff instituted a negligence suit in this Court on the ground of diversity of citizenship, and caused personal service of process to be made upon the person in charge of the New York office of the Eastern Greyhound Lines Division of Greyhound Corporation, as the managing agent of defendant in New York. Defendant now moves to vacate service of process and to dismiss the action on the ground that it is not doing business in New York State.

The extent of defendant's activities in New York, as revealed by the affidavits, is as follows:

By using the Eastern Greyhound Lines Division of Greyhound Corporation as its agent in New York for the solicitation and sale of tickets of transportation on defendant's lines, defendant enters into a substantial number of contracts of carriage within the State of New York and with New York residents. Moreover, as one member of a nationwide network of Greyhound bus lines, defendant participates in and reaps the benefit of nationwide advertising featuring the "Greyhound" trademark. Much of this advertising originates in New York, and a substantial portion of it is directed to a New York clientele.

On the other hand, defendant does not perform any of its transportation services in New York, confining its operations to the southeastern part of the country. Some of defendant's buses do enter and leave New York daily; however, defendant's affidavits show that at those times such buses are no longer in the operational control of the defendant. Under a lease arrangement, control of these buses on "through" trips from defendant's operating area to New York is surrendered to employees of the Eastern Greyhound Lines Division of Greyhound Corporation at Washington, D. C., so as to eliminate the need for passen-

gers to change buses on such "through" trips.

In addition to the fact that it renders no transportation services in New York, defendant maintains no New York office in its own name, has no employees here, keeps no New York bank account, has appointed no agent for the service of process, and has not qualified to do business by registering with the New York Secretary of State. Thus, the sum of defendant's activities in New York consist in the solicitation and sale of a substantial amount of tickets by means of an agent, and a considerable use of advertising.

■ In determining if defendant is amenable to service of process in this jurisdiction, this Court believes that the Federal limitation on personal jurisdiction, rather than the stricter New York limitation, should be applied. Although there is some conflict among the Federal circuits, the courts of this district have held consistently that the amenability of a foreign corporation to service of process is to be determined by federal law, particularly where the action is instituted in federal court in the first instance. Anderson v. British Overseas Airway Corp., D.C.S.D.N.Y.1956, 144 F.Supp. 543, 546; Nugey v. Paul-Lewis Laboratories, Inc., D.C.S.D.N.Y.1955, 132 F. Supp. 448, 450.

■ The Federal limitation, as formulated by the Supreme Court, permits *in personam* jurisdiction to be obtained over a foreign corporation provided that it has certain minimum contacts with the State of the forum, so that the maintenance of the suit there will not offend traditional notions of fair play and substantial justice. McGee v. International Life Insurance Co., 355 U.S. 220, 222, 78 S.Ct. 199, 2 L.Ed.2d 223; International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95. This due process test requires that all pertinent factors be considered, such as the nature and character of the business (MacInnes v. Fontainebleau Hotel Corp., 2 Cir., 257 F.2d 832), the number and type of activi- ties within the forum (Green v. Chicago, Burlington & Quincy Railroad Company, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916), whether such activities give rise to the cause of action (International Shoe Co. v. Washington, supra, 326 U.S. at page 317, 66 S.Ct. at page 158; French v. Gibbs Corporation, 2 Cir., 1951, 189 F.2d 787, 790), whether the forum has some special interest in granting relief (McGee v. International Life Insurance Co., supra), and the relative conveniences of the parties (International Shoe Co. v. Washington, supra, 326 U.S. at page 317, 66 S.Ct. at page 158).

■ The Supreme Court cases cited make it clear that where the cause of action arises out of the activities conducted within the forum no systematic and continuous course of conduct of a substantial nature is required. In the McGee case the making of a single contract was sufficient. However, for a foreign corporation to be held subject to suit within the forum for all purposes, including suits not arising out of its local activities, slight and occasional contacts are not sufficient; the corporate operations within the state must be both continuous and substantial. International Shoe Co. v. Washington, supra, 326 U. S. at page 318, 66 S.Ct. at page 159.

■ The operations of this defendant in New York, namely, solicitation and sale of tickets through an agent and advertising, are continuous operations. However, in view of the recent decision of MacInnes v. Fontainebleau Hotel Corp., supra, by the Court of Appeals of this Circuit, the activities would not seem to be substantial enough. In that case, defendant, a Florida hotel corporation, maintained a New York office with three employees. The office received requests for reservations and forwarded them to the hotel in Florida, answered inquiries, and distributed brochures. Defendant also advertised in New York and maintained a New York bank account. Plaintiffs, New York residents, were allegedly defamed by defendant's agents at the hotel in Florida. The Court ruled that defendant's New

York contacts were not substantial enough to render it amenable to suit on such a cause of action. The Court pointed out that defendant's business was localized in character, and that all of its services were rendered outside New York. Moreover, plaintiffs apparently did not book their reservations through the New York office.

The tendency of the federal courts for many years now has been to expand the concept of *in personam* jurisdiction over foreign corporations. Since it does not appear to this Court that the Supreme Court has definitively passed upon the question at bar, we might well take a liberal view were it not for the MacInnes v. Fontainebleau Hotel Corp. decision. See my Opinion in Danzig v. Virgin Isle Hotel, Inc., 23 F.R.D. 316. The MacInnes case draws a line which the facts of the instant case do not permit us to cross. The activities present here are no more substantial than those found to be insufficient there. The nature and character of defendant's business here is just as localized, since none of its transportation services are rendered within New York.

Other factors which might be grounds for upholding jurisdiction even though the contacts with the forum are *de minimis* are not present here. Since the accident occurred in Tennessee, New York has no "manifest interest" (McGee v. International Life Insurance Co., supra, 355 U.S. at page 223, 78 S.Ct. at page 201) in granting relief, apart from the fact that plaintiff is a New York resident. So, also when weighing conveniences to the parties, the fact that the accident occurred in Tennessee would indicate that witnesses would be more readily available there than in this jurisdiction.

This Court wishes to point out that its decision would be quite different if plaintiff had been a passenger on defendant's bus through the purchase of a ticket in New York. In such a case this Court has no doubt that it could properly exercise its jurisdiction (Scholnik v. National Airlines, Inc., 6 Cir., 1955, 219

F.2d 115). In the present situation, however, in view of the Second Circuit's decision of MacInnes v. Fontainebleau Hotel Corp., supra, this Court grants the motion that the action be dismissed on the ground of lack of jurisdiction over the person of the defendant. Rule 12(b)(2) Federal Rules of Civil Procedure, 28 U.S.C.A.

It is so ordered.