NASH-RINGEL, INC., Plaintiff,

v.

AMANA REFRIGERATION, INC., Defendant.

United States District Court
S. D. New York.
April 22, 1959.

Nathan Shapiro, New York City, for plaintiff. Berthold H. Hoeniger, New York City, of counsel.

Leinwand, Grossman, Mandelbaum & Maron, New York City, for defendant. Irving M. Maron, New York City, of counsel.

CASHIN, District Judge.

In this diversity action defendant, an Iowa corporation, moves for an order dismissing the action on the ground of lack of jurisdiction over the person. Service of process on defendant was attempted by serving William H. Knapp, a Vice-President of Rocke International Corporation (hereafter "Rocke"). Rocke is concededly amenable to service of process. In addition, it is conceded that service of process upon Knapp effectuates service of process upon Rocke.

The basic question presented, therefore, is whether the activities of Rocke in this State, on behalf of defendant, are sufficient to bring defendant within the reach of the process of this Court. The subsidiary question is whether in determining the basic question, State law or separate Federal law is to be applied.

Probably the most recent decision considering whether in a diversity case the District Court should apply Federal or State law in determining the amenability to service of process of a foreign corporation is Shawe v. Wendy Wilson, Inc., D.C.S.D.N.Y., 171 F.Supp. 117. In this case it was decided that Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, dictates that State law should be applied. The reasoning of the Court is that if, in a State Court, a defendant could not be sued at all and thus a judgment could not be obtained against it, it should not be able to be sued in a Federal Court for otherwise the outcome would be different. In accordance with Guaranty Trust Co. v. York [1] the substantive-procedural dichotomy was rejected as universally determinative of whether State or Federal law should be applied to a particular issue. I concur in this rejection. However, I disagree with the result reached in the Shawe case. While, conceding that a different result should not be reached because of the mere happenstance that the action is tried in a court "a block away", [2] I feel that Federal courts, within the bounds of due process, of course, have a right to decide how their own process may be served and what foreign litigants may be brought before them. [3] Certainly, this result is at least intimated in cases decided by the Court of Appeals for the Second Circuit [4] and was the unanimous holding in the cases decided by this Court prior to the Shawe case. [5]

It may be argued that other Circuits considering this same point have rejected a contrary result. Were there an unanimity of well-reasoned cases in other Circuits opposed to the conclusion reached by the cases decided in this District, perhaps, in the absence of controlling decision in this Circuit, I would feel constrained to follow those other Circuits. However, upon a review of the cases decided by the First, Third, Fifth, Seventh and Tenth Circuits, I feel no such constraint.

1. 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

2. 326 U.S. at page 109, 65 S.Ct. at page 1470.

3. See concurring opinion of Judge Biggs in Partin v. Michaels Art Bronze Co., 3 Cir., 1953, 202 F.2d 541.

4. French v. Gibbs Corporation, 1951, 189 F.2d 787; Latimer v. S/A Industrias Reunidas F. Matarazzo, 1949, 175 F.2d 184, certiorari denied 338 U.S. 867, 70 S.Ct. 141, 94 L.Ed. 531; Bomze v. Nardis Sportswear, 1948, 165 F.2d 33; Jacobowitz v. Thomson, 1944, 141 F.2d 72. The problem considered herein was apparently not raised in MacInnes v. Fontainebleau Hotel Corp., 1958, 257 F.2d 832.

5. Satterfield v. Lehigh Valley Railroad Co., D.C.1955, 128 F.Supp. 669; Anderson v. British Overseas Airways Corp., D.C.1956, 144 F.Supp. 543, 546; Napelbaum v. Atlantic Greyhound Corporation, D.C., 171 F.Supp. 547; Clifton Products, Inc. v. American Universal Insurance Co., D.C., 169 F.Supp. 842; General Electric Co. v. Masters Mail Order Co., D.C.1954, 122 F.Supp. 797; Nugey v. Paul-Lewis Laboratories, D.C.1955, 132 F.Supp. 448; Allegue v. Gulf & South American S.S. Co., Inc., D.C.1952, 103 F.Supp. 34.

Pulson v. American Rolling Mill Co.,[6] decided by the First Circuit, considered the amenability to service of process of a foreign corporation in a diversity case, and did hold that State law applied. However, the Court apparently felt that the only portion of the Federal Rules of Civil Procedure applicable to service of process upon foreign corporations was Rule 4(d) (7), 28 U.S.C.A.[7] Since there is no statute of the United States covering the service of process in a diversity case the Court felt that it was forced to look to the law of the State to determine the validity of the service of process. The Court apparently overlooked, however, the provisions of Rule 4(d) (3) which specifically provides for service of process upon a foreign corporation by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment, or by law, to receive service of process. Here, service is sought to be upheld under the provisions of Rule 4(d) (3) and not Rule 4(d) (7).

Partin v. Michaels Art Bronze Co.,[8] decided by the Third Circuit, also considered the same problem and, on the authority of the Pulson and Kelley cases, supra (footnote 6), reached the same result. In fact, the author of the Partin case was also the author of the Pulson and Kelley cases. I believe, of course, that the Partin case is not good authority for the same reason as stated in the preceding paragraph concerning the Pulson and Kelley cases. Its authoritative force is further weakened by the fact that Chief Judge Biggs, while concurring in the result, did so only because he thought the defendant was not amenable to service of process in the jurisdiction either under the State law or the separate Federal law which he held to exist and to be applicable in diversity cases.

Albritton v. General Factors Corp.,[9] decided by the Fifth Circuit, considered the propriety of the service of process on a foreign corporation by service upon the Secretary of State under a State statute. Clearly, of course, the interpretation of such statute must be governed by State law, but such an interpretation does not, in any way, preclude there being separate Federal law for service of process under Rule 4(d) (3).

Canvas Fabricators, Inc. v. William E. Hooper & Sons Co.,[10] decided by the Seventh Circuit, I also consider weak authority. The plaintiff in that case conceded that State law must be controlling. It is true that the Court did say that this conclusion was sustained by the cases. However, the only cases cited were Pulson v. American Rolling Mill Co. and Kelley v. Delaware, L. & W. R. Co., considered above, and Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 which did not consider at all the amenability of a foreign corporation to service of process.

Steinway v. Majestic Amusement Co.,[11] decided by the Tenth Circuit, is subject to the same criticism at the Albritton case since, once again, the effectiveness of service of process upon a foreign corporation by service upon the Secretary of State under the State statute was being considered.

■ In view of the foregoing, I hold that Federal law should be looked to in

---

6. 1948, 170 F.2d 193; see also Kelley v. Delaware, L. & W. R. Co., 1 Cir., 1948, 170 F.2d 195, a companion case reaching the same result.

7. "Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

8. Supra (footnote 3).

9. 1953, 201 F.2d 138.

10. 1952, 199 F.2d 485.

11. 1949, 179 F.2d 681, 18 A.L.R.2d 179.

determining the effectiveness of service of process upon a foreign corporation even in a diversity case.

The material facts which are necessary for the determination of this motion are virtually conceded. For a period of about five years, including the period during which the summons and complaint were served, defendant and Rocke were under contract whereby Rocke was the "Export Representative" of defendant. Rocke's duties, as such "Export Representative", were to solicit the sale of the products of defendant throughout the world with the exception of the United States, Canada, Alaska and Hawaii. Inquiries concerning sales in these territories would, if received by defendant, be transmitted to Rocke. All sales were subject to approval by defendant. Rocke's remuneration was entirely on a commission basis. There was no intercorporate relationship between defendant and Rocke in the nature of stock ownership or common officers or directors. Defendant in no way remunerated Rocke for any of its direct or indirect expenses in connection with sales of defendant obtained by Rocke. In the vast majority of cases, the sales contract would be made between defendant and the customer directly. At times, however, if the customers were located in a country where blanket import licenses were obtained by Rocke, as supplier, a sale and re-sale would take place. Except for these few instances, billing would be direct from defendant to the customer. Activities in connection with expedition of shipping would, however, be engaged in by Rocke. Rocke's principal place of business was 13 East 40th Street, New York 16, N. Y. Rocke was allowed to place a telephone listing in the name of defendant in the New York Telephone directories and was supplied by defendant with defendant's letterheads upon which the address of Rocke's office was listed as the "Export Office". Rocke has similar relationship with ap-

proximately sixty American manufacturers. The volume of sales generated by Rocke for defendant was approximately $300,000 per year.

No precise formula has ever been set down to determine whether a foreign corporation is, if I may be allowed to use an outmoded term, "doing business" within a jurisdiction. When presented with the problem, all that can be done is to "compare the facts in the case at bar with those which existed in the [prior] decisions * * * and to appraise—a more candid word would be to guess at—the importance of any differences".[12] In the instant case, the task is not difficult. The mere solicitation of business within a jurisdiction, so long as it is regular and continuous, is enough to bring a foreign corporation within the reach of the process of that jurisdiction.[13] The activities of defendant, through Rocke, were certainly "systematic and regular" covering a period of almost five years and were substantial, averaging sales of $300,000 per year. I cannot see where the fact that deliveries under the sales were not made in this jurisdiction can be at all controlling. Rocke, who acted for defendant, had its principal place of business here. All of its activities emanated from its home office in this jurisdiction. Nor does it aid defendant that Rocke performed the same service for many other manufacturers. There is certainly no rule of law that an entity cannot be the agent of different principals. This state of affairs would appear to have been the precise situation in the Nugey and Allegue cases, supra (footnote 5). If some lingering doubts were to remain as to whether the due process requirements laid down in the case of International Shoe Co. v. State of Washington [14] have been complied with, it need only be noted that the plaintiff is a New York corporation and that the activities sued upon arose out of activities

12. Bomze v. Nardis Sportswear, supra [165 F.2d 36] (footnote 4).

13. Allegue v. Gulf & South American S.S. Co., Inc.; Nugey v. Paul-Lewis Laboratories; Satterfield v. Lehigh Valley Railroad Co., supra (footnote 5).

14. 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

# 528

actually connected with New York, namely, a distributorship agreement between plaintiff and defendant which, to a great extent, covered areas of New York State.

Defendant has laid great stress upon Echeverry v. Kellogg Switchboard & Supply Co.,[15] Knight v. Stockard Steamship Corp.[16] and various cases concerning hotels situate outside of New York, which solicit business within New York.[17] These cases, however, are readily distinguishable. In the Echeverry case jurisdiction over a foreign corporation was sought to be obtained by service upon an officer of a wholly owned subsidiary of the corporation doing business in New York. The factual situation in the Echeverry case, however, was the reverse of the situation here. Any inquiries concerning sales directed to the subsidiary in New York would be referred to the parent in the foreign jurisdiction. Thus, the subsidiary was, in effect, merely a conduit for correspondence. The distinction between that case and the instant case is too obvious for further comment. In the Knight case the activities within the jurisdiction at the time of the service of process were concededly by themselves inadequate to subject a foreign corporation to such service. The only question involved was whether the sporadic activities which continued at the time of the service were sufficient to maintain in existence the prior "presence" of the foreign corporation which the court implicitly acknowledged. Here, as indicated above, the substantial and continuous activities were in existence at the time process was served. The hotel cases would, at first blush, seem on all fours with the present case since there was clearly substantial and continuous local solicitation of business. In fact, in just such a case, I have previously held that

a foreign hotel corporation would be amenable to service of process in this jurisdiction.[18] Obviously, in view of MacInnes v. Fontainebleau Hotel Corp., supra (footnote 4), that decision was erroneous. Nevertheless, I do not believe that the MacInnes case is controlling here. A careful reading of the latter case indicates that the basis of the decision was the nature and character of defendant's business. Since the business of the defendant was carried on entirely within the jurisdiction where its hotel is located, the Court held that was the only jurisdiction in which it could be "present" for the purpose of service of process. In the instant case, however, the nature and character of defendant's business is vastly different, being both nationwide and international in character.

For the reasons stated above, I hold that defendant is amenable to service of process in New York by service upon Rocke.

Because of this holding, I have not adverted to other activities of defendant in New York which plaintiff claims brings it within this Court's jurisdiction, nor do I think that such advertence is necessary. Suffice it to say that since Rocke's activities bring defendant within the reach of the service of process of this Court, and, since Rocke was properly served through service upon one of its officers, the service of process was entirely proper and will not be quashed.[19]

In view of this holding further, the branch of the motion requesting dismissal because of improper venue must also be denied.[20]

The motion is denied in its entirety.

Settle order.

15. 2 Cir., 1949, 175 F.2d 900.

16. 2 Cir., 1954, 214 F.2d 727.

17. Wiederhorn v. The Sands, Inc., D.C.S.D. N.Y.1956, 142 F.Supp. 448; MacInnes v. Fontainebleau Hotel Corp., supra (footnote 4).

18. Danzig v. The Virgin Isle Hotel, Inc., D.C., 23 F.R.D. 316.

19. Allegue v. Gulf & South American S.S. Co., Inc., supra (footnote 5).

20. 28 U.S.C.A. § 1391(c).