**Joseph R. THOMSON, Plaintiff**

**v.**

**EASTERN BECHTEL CORPORATION** and Bechtel Corportion and Bechtel International Corporation and Arabian American Oil Company, Inc., Defendants.

United States District Court
S. D. New York.

May 7, 1959.

Cohen, Ornstein & Beasley, Philadelphia, Pa., and Sydney D. Bierman, New York City, for plaintiff.

Frank G. Sterritte, New York City, for Eastern Bechtel Corp., appearing specially.

CASHIN, District Judge.

Defendant Eastern Bechtel Corporation moves "for an order vacating the service of the summons and complaint on the ground of improper service on said

Eastern Bechtel Corporation in that no agent, officer or any other person authorized to accept service was served with a copy of the summons and complaint, and on the further grounds that said Eastern Bechtel Corporation is not entered to do business in any State of the United States nor is it entered or qualified to do business in the State of New York". Presumably defendant, in accordance with Rule 12(b), 28 U.S.C.A., is raising the defenses of lack of jurisdiction over the person (Rule 12(b)(2)) and insufficiency of service of process (Rule 12 (b)(5)) by motion.

The motion is supported only by an affidavit of the attorney for Eastern Bechtel Corporation stating in conclusory fashion that Eastern Bechtel Corporation is a Panama corporation and does not do business in any State of the United States and that the person upon whom the Marshal served the summons and complaint was not an officer nor managing agent of Eastern Bechtel Corporation and had no authority to receive the said summons.

■ The motion could easily be disposed of on the ground that the papers in support thereof are insufficient. Rather than making such an inconclusive decision and thus inviting a further motion, I will consider the merits. The complaint and the exhibits thereto, and the concessions of counsel for defendant Eastern Bechtel Corporation on the argument of the motion, reveal that Bechtel Corporation, a corporation doing business in New York, solicited the employment of plaintiff, a resident of Pennsylvania, on construction projects in the Middle East. Plaintiff was physically examined by a doctor of Bechtel Corporation in his home city and, upon passing said examination, plaintiff was directed to come to the New York Office of Bechtel Corporation. There is attached to the complaint a copy of a "Memorandum of Agreement" between Bechtel Corporation and plaintiff. This Memoran-

dum indicates a signature by plaintiff in New York on August 28, 1957, by Bechtel Corporation on August 27, 1957 in San Francisco, California, and a further signature by plaintiff in New York on August 28, 1957. Obviously, the document was not signed by both parties at the places and on the dates indicated. It is a fair inference, however, that the document was signed in New York. This Memorandum states, in part, as follows:—

> "(b) I understand that in signing below I am offering to enter into an Employment Agreement with the Contractor to perform services in Lebanon, Saudi Arabia, or other locations in the Near or Middle East in accordance with the terms and conditions set forth in the attached form of Employment Agreement."

The Memorandum had previously indicated that the term "Contractor" referred to Eastern Bechtel Corporation. The Employment Agreement itself was executed in Beirut on August 29, 1957.

The complaint sounds in tort arising in Saudi Arabia. The facts summarized and found as above are clearly sufficient to make Eastern Bechtel Corporation amenable to service of process in this jurisdiction, where suit is brought in a Federal Court, at least so long as the cause of action sued upon has some connection with the activities conducted in New York on behalf of Eastern Bechtel Corporation by Bechtel Corporation. Cf. Nash-Ringel, Inc. v. Amana Refrigeration, Inc., D.C.S.D.N.Y., 172 F.Supp. 524. To hold otherwise the Court would have to countenance a situation where a corporation is organized to perform construction work in a foreign country, hires American citizens in the United States through a related corporation, transports them to a foreign jurisdiction, injures them in that jurisdiction, and then contends that a suit arising out of said injuries must be brought in the foreign jurisdiction.

Perhaps, some mention should be made of the case of MacInnes v. Fontainebleau Hotel Corp., 2 Cir., 1958, 257 F.2d 832. In that case a foreign corporation, whose sole business was the maintenance of a hotel in Florida, was held immune from service of process in this District despite the fact that it continuously, regularly and substantially solicited business in this state. At first blush the instant decision might seem contrary to the MacInnes case. However, in the MacInnes case there was no showing that there was any connection between the solicitation of business in New York and the cause of action arising in Florida. Since plaintiff herein was recruited for employent by Bechtel Corporation in New York and was signed to a "Memorandum of Agreement" with Eastern Bechtel Corporation in New York this jurisdiction has a substantial interest in any cause of action connected with such employment. Cf. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95.

■ There remains only for decision the branch of the motion concerning the insufficiency of service of process. The Marshal's return indicates that Eastern Bechtel Corporation, Bechtel Corporation and Bechtel International Corporation were all served through "Mr. H. T. McBride, Manager", at 485 Lexington Avenue, New York, N. Y. No facts whatsoever are presented which would indicate that the individual served is not a "managing or general agent" of Bechtel Corporation, and thus a person qualified to accept service on Bechtel Corporation under the provisions of Rule 4(d) (3) of the Federal Rules of Civil Procedure. Since the activities of Bechtel Corporation in New York bring Eastern Bechtel Corporation within the jurisdiction, service on Bechtel Corporation is service on Eastern Bechtel Corporation. Allegue v. Gulf & South American S. S. Co., Inc., D.C.S.D.N.Y.1952, 103 F.Supp. 34.

The motion is denied in its entirety.

It is so ordered.